■ In the Matter of the TOWN BOARD OF THE TOWN OF HUNTINGTON, Appellant, v. JOSEPH P. PLONSKI et al., Constituting the Zoning Board of Appeals of the Town of Huntington, et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, the Town Board of the Town of Huntington appeals from so much of an order of the Supreme Court, Suffolk County, entered August 31, 1960, as dismissed upon the merits its petition to review and set aside a determination made by said town's Zoning Board of Appeals on March 28, 1960, and amended April 8, 1960. The determination granted an application by the respondent Greenlawn Shopping Center, Inc., to extend the business use of certain property in a general business district in said town to a total depth of 500 feet, as was then permitted by the Building Zone Ordinance (art. III, § 5). While the appeal herein was pending, the Town Board amended the ordinance so as to permit an extension of business use not in excess of 50 feet beyond the 150-foot depth of a general business district. It is stated in appellant's brief, and apparently conceded by respondent Greenlawn, that no building permit has been issued and that no construction work has been commenced pursuant to the determination of the Zoning Board of Appeals. Order, entered August 31, 1960, insofar as appealed from, reversed on the law, without costs, and determination of the Zoning Board made March 28, 1960, and amended April 8, 1960, annulled. The findings of fact are affirmed. In our opinion, there is sufficient in the record to support the determination of the Zoning Board, when it was made. However, the right to an extension did not vest, and this appeal must be decided upon the law as it now exists (*Matter of Dengles* v. *Young*, 3 A D 2d 758). The Building Zone Ordinance, as amended since entry of the order appealed from, prohibits the extension of business use more than 50 feet beyond the 150-foot depth of a general business district. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.

■ In the Matter of WETHREE RESTAURANT, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the Civil Practice Act, to review the determination and order of the State Liquor Authority for the recall and cancellation of petitioner's restaurant liquor license, and for the disapproval of petitioner's renewal application. By order of the Supreme Court, Queens County, dated July 6, 1960, made pursuant to section 1296 of the Civil Practice Act, the proceeding was transferred to this court for disposition. Pending the hearings which resulted in the subject determination, the license was renewed without prejudice to the Liquor Authority's right to cancel the renewal after the hearings. Determination confirmed and petition dismissed, without costs. It cannot be said, on this record, that there was no possible scope for the exercise of discretion by the Liquor Authority, in making the determination. The determination must, therefore, be judicially confirmed (*Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465; *Matter of Gambino* v. *State Liq. Auth.*, 4 A D 8d 37, affd. 4 N Y 2d 997). Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.