Richard F. Kuhnen, J.
This is an application pursuant to subdivision 5 of section 50-e of the General Municipal Law to extend the time provided for service of a notice of claim upon the defendant. Plaintiff alleges that he was injured on June 15, 1976 when he fell from a water tower owned by defendant; that he was placed in a complete body cast from June 15 to September 20, 1976; that after September 20 he continued to be unable to leave his house without the aid of crutches and a friend; that he was unable to leave his house to see his attorney until October 29, 1976; that up to the time of this motion he has been under sedation due to extreme pain caused by the injury.
Defendant opposes the application on the ground that plaintiff has failed to show any physical incapacity which resulted in inability to file a timely notice of claim; that this application was not made within a reasonable time after the statutory time limit expired; and that the delay has substantially prejudiced its position to investigate.
Plaintiff’s last day to file his notice of claim was September 13, 1976. Effective September 1, 1976 section 50-e of the General Municipal Law was amended to give the court the discretion to extend the 90-day limitation of subdivision 1 of that section. Since plaintiff’s time in which to file did not expire prior to the effective date of the 1976 amendments, logic dictates that the provisions of said amendments relating to the extension of such time were intended by the Legislature to apply to plaintiff’s claim. (Cf. CPLR 218; see, also, Smalls v *367 New York City Health & Hosps. Corp., 55 AD2d 537, 538.) Moreover, the court will give effect to the law as it exists at the time of decision (see Matter of Town Bd. of Town of Huntington v Plonski, 13 AD2d 704, affd 10 NY2d 1035; Matter of Ray A. M., 37 NY2d 619) unless a party will thereby be deprived of a vested right acquired under prior law. Since plaintiff’s cause of action was still viable on the effective date of the amendment there is no deprivation of a vested right and therefore no retrospective application. (See, generally, McKinney’s Cons Laws of NY, Book 1, Statutes, § 51.)
In determining this application the court is required to consider all relevant facts and circumstances and in particular "whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim” within the 90-day period or "within a reasonable time thereafter.” (General Municipal Law, § 50-e, subd 5.)
Defendant, by its attorney, states "upon information and belief’ that the first notice of a possible claim was received by defendant’s insurance carrier on November 19, 1976 and that circumstances had "obviously” changed thereby hindering defendant in its investigation of the facts.
Under the circumstances presented here, where the plaintiff was placed in a complete body cast for more than three months after the accident and thereafter severely hampered in his ability to leave his home, the delay of just over two months from the expiration of the statutory period is not unreasonable. Furthermore, defendant’s allegation that it was not aware that a claim would be made until November 19 is not the equivalent of denying that it had "actual knowledge of the essential facts constituting the claim.” Indeed, it would seem quite unlikely in this case that defendant was unaware on the day of the accident that an accident had taken place and that someone had been injured. In addition, it is not at all obvious that conditions have changed to such an extent that defendant will be "substantially prejudiced” in maintaining its defense.
Finally, even if this case were to be decided under the law as it existed prior to the 1976 amendments to section 50-e of the General Municipal Law, plaintiff’s motion would be granted in view of his physical incapacitation and unlikelihood of prejudice to defendant. (See Prude v County of Erie, 47 SD2d 111.)
*368 Motion granted.