OPINION OF THE COURT
Jasen, J.
In this personal injury action arising out of a collision between plaintiff’s automobile and a sanitation truck owned by defendant City of New York, the issue presented for our review is whether a notice of claim sent by ordinary mail and received by the city more than 90 days after the accident was effective service within the meaning of section 50-e of the General Municipal Law.
*349 It is claimed that plaintiff’s car collided with a city sanitation truck on November 12, 1969. A notice of claim upon the city was sent by ordinary mail on February 10, 1970, the 90th day after the accident. The city received the notice on February 16, 1970. At this point no objection was voiced as to whether the service of notice was timely, and on January 20, 1971 the city examined plaintiff. Suit was commenced on February 8, 1971. Before trial, the city moved to dismiss the complaint on the ground that it had not been served within the time limitations imposed by subdivision 3 of section 50-e of the General Municipal Law. Special Term denied the motion, and the Appellate Term unanimously affirmed. By a closely divided court, the Appellate Division reversed and dismissed the complaint.
Section 50-e of the General Municipal Law as it existed at the time of the accident, provided that prior to commencing suit against a public corporation, notice of claim "shall be served on the party against whom the claim is made by delivering a copy thereof, in duplicate, personally, or by registered mail” "within ninety days after the claim arises.” The provision also contained a "saving clause”[1] which provided in pertinent part: "that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received * * * and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim.”
Appellant argues that the mailing of the notice of claim by ordinary mail on the 90th day satisfies the statutory requirement since the notice was actually received and the city caused plaintiff to be examined. While the city concedes that the statute permits the service of the notice of claim by ordinary mail, it contends that the notice must be actually received within 90 days of the accident to be effective service.
*350 A review of the legislative history of section 50-e of the General Municipal Law reveals that it was enacted to establish a uniform and equitable procedural system for instituting tort claims against public corporations. Such a system was intended to supersede the numerous and inconsistent procedural hurdles erected by general and local laws. (Twelfth Ann Report of NY Judicial Council, 1946, p 21.) Although remedial in nature, the law as finally adopted did not embrace all the liberal recommendations of the Judicial Council, but, rather, accommodated some of the concerns voiced by public corporations. (Eleventh Ann Report of NY Judicial Council, 1945, pp 51-52.) The statute required, as a condition precedent to the institution of a lawsuit against a public corporation that notice of all tort claims be delivered within the time period prescribed to a duly authorized representative of the public corporation. Although such statutory provisions are properly denominated as conditions precedent to liability, the service of the notice of claim within the time period prescribed operates, in effect, as a Statute of Limitations. "The requirement of notice is one of the safeguards devised by law to protect municipalities against fraudulent and stale claims for injuries to person and property. It is designed to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding the alleged claim are still 'fresh’.” (Tenth Ann Report of NY Judicial Council, 1944, p 265.)
When first enacted, section 50-e contained no "saving clause”, the only statutorily prescribed methods of service of notice of claim being personal service and service by registered mail. Such strict requirements brought harsh results. In Teresta v City of New York (277 App Div 787, revd 304 NY 440), notice of claim was served by ordinary mail on the New York City Comptroller well within the then extant 60-day statutory period. After the trial had commenced, the city moved to dismiss on the ground that plaintiff, in serving notice by ordinary mail within the statutory period, had not complied with section 50-e. The motion was granted, and the Appellate Division affirmed.[2]
To obviate the possibility that similarly harsh results would occur, the Legislature enacted the "saving clause” which was *351 designed to permit effective service within the statutory period by means other than registered mail or personal delivery. (NY Legis Ann, 1951, p 42.) By this enactment, certified or ordinary mailing would also constitute effective service, provided, however, that "service of such notice be made within the period prescribed by [the] section * * * and such party against whom the claim is made shall cause the claimant * * * to be examined in regard to such claim.” This amendment permits service of notice of claim by means other than registered mail or personal service if two conditions are met: first, the notice of claim must be actually received "within the period prescribed by [the] section”; and, second, that there be an examination of the claimant.
As to the first condition, the notice of claim, served by ordinary mail, was received by the city on the 96th day after the claim arose. Clearly, the notice of claim was not "actually received” by the city within the 90-day period prescribed by statute. Since this condition of the "saving clause” was not met, it is of no avail that the second condition—examination of the claimant—took place. The statute being worded in the conjunctive, both conditions must be satisfied to constitute effective service.
The time and manner of service of a notice of claim upon a public corporation is wholly one of legislative judgment. To assure that the public corporation receives actual notice of the claim within the period prescribed, the Legislature required that notice of claim be served upon the public corporation personally or by registered mail. The apparent reason that, in addition to personal service, notice by registered mail was authorized is that the date of mailing is recorded by the post office and, therefore, mailing and delivery may be established without any doubt. Since this is not so with ordinary mail, the Legislature, in enacting the "saving clause”, did authorize service of notice by ordinary mail, provided the notice was actually received by the public corporation within the 90-day period. That the Legislature intended that service by ordinary mail be ineffective until received is strongly implied in the Judicial Conference Report on the proposed 1976 amendments to section 50-e. The report, speaking as of a time when service by registered mail only was authorized, states: "Under present law, service by registered mail is complete upon mailing, but service by certified mail is complete upon receipt. Service in either fashion should be complete upon mailing, and it is so *352 provided in paragraph (b).” (Judicial Conference Reports, 2 McKinney’s 1976 Sess Laws 2071, 2087.) If, prior to the 1976 amendment, service by certified mail was complete only on receipt, it cannot be seriously argued that service by ordinary mail, as was done here, was complete when posted.
There can be little doubt that there are significant general differences with respect to tort liability between public corporations, with their numerous employees and departments and diverse operations, and private tort-feasors. These differences required appropriate legislative regulation. Our Legislature responded to this need by enacting section 50-e requiring that service of notice of claim on a public corporation be made "within the period prescribed” to afford the public corporation an opportunity to investigate claims while the facts are still "fresh”.
Indeed when in 1976 the statute was amended to authorize service by certified as well as registered mail, the Legislature explicitly provided, "[i]f the notice is served within the period specified by this section, but in a manner not in compliance with the provisions of this subdivision, the service shall be valid * * * if the notice is actually received by a proper person within the time specified by this section(Emphasis added.) Although concededly this 1976 amendment is not applicable to this case, the conclusion that we now reach accords with the provision subsequently enacted by the Legislature.
Since we conclude that the notice of claim was not timely served within the meaning of section 50-e, as it then existed, the complaint was properly dismissed. Accordingly, the order of the Appellate Division should be affirmed, without costs.

. The “saving clause” was subsequently amended (L 1976, ch 745, § 2) and now provides: "If the notice is served within the period specified by this section, but in a manner not in compliance with the provisions of this subdivision, the service shall be valid if the public corporation against which the claim is made demands that the claimant or any other person interested in the claim be examined in regard to it, or if the notice is actually received by a proper person within the time specified by this section, and the public corporation fail to return the notice, specifying the defect in the manner of service, within thirty days after the notice is received.”

. The decision was reversed on appeal to this court on the ground that despite the "irregularity in the form of service”, the city had waived the statutory requirements of section 50-e by refraining to object until after commencement of trial. (304 NY 440.)