OPINION OF THE COURT
Jerome L. Steinberg, J.
Plaintiff moves for an order permitting her to serve and file a notice of claim, nunc pro tunc, upon the City of New York.
Plaintiff, an employee in the Office of Code Enforcement of the City of New York, states that on December 26, 1976, she fell on a street which was allegedly negligently maintained by defendant. As a result, she sustained a broken right elbow and wrist, and a broken left wrist and thumb. She further alleges that casts were applied to both arms; that she required in-home nursing service through the middle of February, 1977, and returned to work at the end of the month. Due to various factors, including pain, the difficulty of conducting her affairs on a day-to-day basis after sustaining her injuries and bad weather, plaintiff failed to file a notice of claim until April 8, 1977, some 13 days past the statutorily imposed deadline.
The 1976 revision of section 50-e of the General Municipal Law vests the courts with discretion in granting leave to serve a notice of claim after expiration of the 90-day period. The court is to "consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within [the 90-day period] or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was * * * mentally or physically incapacitated * * * and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.” While the court sympathizes with the unfortunate position in which plaintiff finds herself, it is constrained to deny the relief sought.
*1126 The Legislature, in amending section 50-e, intended to provide the courts with an elastic standard by which they could, through exercising discretion, ameliorate the harsher aspects of the strictures imposed by the original language of the statute (Beary v City of Rye, 44 NY2d 398). In so doing, however, the parameters of that discretion were never explicitly delineated; the weight to be given to any one of the aforementioned criteria at the expense of another was never indicated. However, had the Legislature intended to totally remove the requirement of the 90-day period, it would have done so, and it is clear to the court that, in the absence of compelling circumstances, parties should be bound accordingly.
Such compelling circumstances are not present here. The plaintiff states that although she was disabled for a period of weeks, she was able to return to work at the end of February. Thus, unlike the moving party in Barrows v Town of Woodstock (89 Misc 2d 365) whose delay in filing was occasioned by his being totally immobilized by a body cast for a period of over three months from the day of the accident, plaintiff was not so restrained during the final weeks of the 90-day period, and was not therefore physically incapable of filing or engaging someone else to do so on her behalf.
Nor can the court lend credence to plaintiff’s contention that the City of New York was afforded actual notice of her injuries since she is employed by the city and had to explain to her superiors the reasons for her lengthy absence from work. Notices of claim are to be served, in accordance with the mandates of section 50-e, upon the duly authorized representative of the public corporation. In New York City, such a person is the comptroller. To suggest that the city acquires actual, or even constructive, notice through information disclosed to another division, agency or branch flies in the face of reality. By the same logic, plaintiff could have it that the city would acquire such notice if a person injured in an accident involving the city was treated in a city hospital. Moreover, even if the court were to accept this contention, it can find nothing in the moving papers to indicate that plaintiff, in so notifying her superior, expressed an intention to sue the city for her injuries.
Finally, plaintiff contends that defendant has not demonstrated prejudice as a result of the delay in filing. While the defendant in its opposing papers fails to address itself to this *1127 question, plaintiff merely states that "this short delay could not have prejudiced the City of New York in any way in maintaining its defense against my action.” The policy underlying the imposition of the 90-day period was to "protect municipalities against fraudulent and stale claims for injuries to person and property” and "to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding. the alleged claim are still 'fresh’ ” (Tenth Ann Report of NY Judicial Council, 1944, p 265; see Adkins v City of New York, 43 NY2d 346). It is therefore reasonable to assume that the Legislature determined that the failure to impose such a limitation would ipso facto result in prejudice to municipalities. Absent other countervailing circumstances, this determination should not be disregarded. For this and the foregoing reasons, plaintiffs motion is denied.