■ In the Matter of VALERIOD SZVANKA, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County, entered on April 2, 1979, affirmed for the reasons stated by Helman, J., at Special Term, without costs and without disbursements. Concur—Birns, J. P., Bloom, Lane and Lupiano, JJ.

Sandler, J., dissents in a memorandum as follows: Petitioner appeals from an order denying his application for leave to serve a late notice of claim upon respondent City of New York for damages arising from personal injuries sustained in an automobile accident. The record does not disclose the slightest intimation that the delay in serving the notice of claim prejudiced, much less substantially prejudiced, the respondent city. Indeed, Special Term did not even address that dispositive question. Accordingly, the order should be reversed and the application for leave to serve a late

notice of claim should be granted. On July 30, 1978, petitioner was injured as a result of a collision between two vehicles at the intersection of East 112th Street and Park Avenue. He received emergency treatment at Metropolitan Hospital. Some days later, a law firm was retained which filed for no-fault benefits. On December 1, 1978, petitioner retained his present counsel who received the file from the previously retained lawyers on December 15, 1978. Pursuant to written request dated December 28, 1978, counsel received some time in the middle of January a copy of the police accident report. The report stated in pertinent part the following: "Vehicle #1 proceeding South on Park Ave. collided with Vehicle #2 which was proceeding East on E. 112th St. Traffic light at intersection out of order". By notice of motion dated January 31, 1979, petitioner commenced this special proceeding for leave to serve a late notice of claim upon respondent city. Special Term denied the application on the ground that counsel's failure to move for seven months after the accident was without justifiable excuse. In so ruling, Special Term clearly and understandably relied upon a decision of the Fourth Department in *Williams v Town of Irondequoit* (59 AD2d 1049), in which that court held that counsel's unjustifiable failure to move for some seven months required denial of an application to file a late notice even in the absence of a showing of prejudice. Unfortunately, Special Term's attention was apparently not invited to a later decision of the Fourth Department, decided some months before Special Term's order, in which on facts quite similar to those here presented, that court held that the application for late filing should be granted "where no substantial prejudice exists." *(Matter of Wemett v County of Onondaga,* 64 AD2d 1025.) Effective September 1, 1976, subdivision 5 of section 50-e of the General Municipal Law was modified to provide in pertinent part as follows: "In determining whether to grant the extension, the court shall consider, in particular, whether the *public corporation or its attorney or its insurance carrier acquired actual* knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: * * * whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." As noted in *Matter of Beary v City of Rye* (44 NY2d 398, 407), the new standards are "far more elastic," and (p 412) "The greater flexibility introduced by the amendments appears designed to encourage greater fairness". From an examination of the section as amended, it is obvious that the Legislature intended to place primary emphasis on whether or not the delay resulted in "substantial prejudice", not on whether lawyers had acted with appropriate expedition. When the facts are evaluated in terms of this dispositive requirement, it is apparent that the application for leave should have been granted. It is not disputed that an accident involving injuries to petitioner in fact occurred at the time and place claimed. From the contemporaneous report of the police officer it is clearly established that the traffic light was out of order at the time of the collision. Although the police report does not disclose the nature of the malfunction, there is no claim in the respondent's papers that the police officer could no longer remember the character of the problem. Nor is there any suggestion that the agency responsible for the maintenance of the lights was not in possession of the relevant information. In evaluating the question of substantial prejudice, it is also pertinent that the plaintiff on trial would have the burden of proving that the apparent malfunction had contributed to the accident and that the city had actual or constructive notice of the condition. The possibility, surely

more theoretical than real, that upon receiving timely notice, the city would have dispatched an investigator to the scene who might have developed relevant information that was no longer available several months later surely falls far short of demonstrating the substantial prejudice required by the statute. Nor do I agree that the explanation advanced for counsel's delay is wholly lacking in substance. Neither of the retained firms were aware of the possible liability of the city until the police report was secured in the middle of January, 1979. Petitioner's papers allege without contradiction that counsel did not secure the police report earlier because it was originally doubted that petitioner would be able to satisfy the threshold requirement for institution of a personal injury action. A similar explanation was found creditable by the Fourth Department in *Matter of Wemett v County of Onondaga (supra)*, and does not seem to me without merit. However that may be, in view of the absence of any showing whatever of substantial prejudice to the city in this record, the order at Special Term should be reversed and the application for leave to file late notice should be granted.