■ In the Matter of BARRY F. KENYON, as Assignee of MARVIN KRAMER, Appellant, v CARL W. WENDT, as Property Clerk of the City of New York, Respondent. — Order and judgment (one paper), Supreme Court, New York County, entered April 28, 1980, denying appellant's application pursuant to CPLR article 78, to compel the Property Clerk of the City of New York to turn over to the appellant assignee money taken from the assignor at the time of his arrest, and granting respondent's cross motion for an order of forfeiture, unanimously reversed, on the law and the facts, without costs or disbursements, and judgment granted to petitioner. Petitioner-appellant is an attorney who was assigned all right and title to money seized from one Marvin Kramer, for representing him in connection with larceny and commercial bribery charges arising out of a shoplifting incident at Abraham and Strauss on September 6, 1979. Mr. Kramer offered the security guard $395 to "take care" of him. He was arrested, the money seized and vouchered. He subsequently pleaded guilty to attempted petit larceny (Penal Law, §§ 110.00, 155.25) to cover all charges and was sentenced to 30 days. The funds seized were not designated as evidence, and a property release was given to the parties. The police property clerk's office refused to release the money, claiming it was an instrumentality of crime and not recoverable. An order to show cause was obtained, allegedly within 90 days of the conviction, seeking to have the property clerk turn over the money. The court below found that the petitioner was not a proper claimant and did not acquire any greater rights than the assignor. It held that the money was used in an attempt to bribe a special patrolman, and the clerk's office was justified in not returning it. The court granted Corporation Counsel's motion for forfeiture of the money. Present law mandates the use of certain procedures by the property clerk in dealing with seized property and other contraband. (McClendon v Rosetti, 369 F Supp 1391, 1394.) Judge Lasker, in his opinion in that case, provided, inter alia, that upon receipt of a demand for a return of property, accompanied by a release from the District Attorney indicating that the property is no longer needed for a criminal proceeding, the clerk must release the property, unless within 10 days he brings a forfeiture proceeding on the grounds that the property was unlawfully obtained, was stolen, was the proceeds of a crime or was the instrumentality of a crime. A demand for these

purposes is "timely" if made by the claimant in writing within 90 days of the termination of the relevant criminal proceeding. In the case at bar, Corporation Counsel's position was solely that the money was forfeitable as the instrumentality of a crime. He did not initiate a forfeiture proceeding within the 10 days required by statute and did not challenge appellant's claim as being untimely and hence he waived that defense. This proceeding will be treated by us as a plenary action, and, for reasons stated, the application is granted, and the cross motion for an order of forfeiture is denied. Concur — Ross, J. P., Markewich, Silverman, Bloom and Carro, JJ.