MICHAEL TARQUINIO et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants.

First Department, January 7, 1982

### APPEARANCES OF COUNSEL

*Irving Cohen* of counsel (*Bernard Abel* with him on the brief; *Allen G. Schwartz, Corporation Counsel,* attorney), for appellant.

*Edward S. Rudofsky* of counsel (*Frederick A. Polatsek* with him on the brief; *Zane & Teitler,* attorneys), for respondents.

### OPINION OF THE COURT

SULLIVAN, J.

The City of New York appeals from an order which, *inter alia,* extended, *nunc pro tunc,* the time to file a notice of claim to November 8, 1977, the date upon which the verified complaint was served, and deemed the summons and complaint to be a notice of claim for the purpose of section 50-e of the General Municipal Law. We find that

the application for late filing relief was untimely, and reverse.

Plaintiff Michael Tarquinio is an elevator repairman who, on September 13, 1976, was dispatched by his employer to a job at 203 West 81st Street. While Tarquinio was working the elevator fell from its position and pinned him beneath it, causing him to sustain personal injuries. As a result of this accident Tarquinio and his wife commenced an action to recover damages for personal injuries and loss of services, respectively. Among the several defendants sued was the city for failure "to reasonably and properly inspect the elevator", and to discover and to warn against the unsafe, dangerous and hazardous condition of the elevator, as required by section C26-1802.2 of the Administrative Code of the City of New York. The city, however, was never served with a notice of claim.

A summons was served on the city on September 9, 1977, almost a year after the accident. After filing a notice of appearance, the city was served with a verified complaint on November 8, 1977, almost 14 months after the accident. In its answer the city alleged, in part, that a notice of claim had not been served, and that plaintiffs had not submitted to an examination prior to the commencement of the action, as required by section 50-h of the General Municipal Law. The 1 year and 90-day period provided by subdivision 1 of section 50-i of the General Municipal Law in which to serve a notice of claim expired on December 13, 1977.

Almost three years later, on August 18, 1980, the city moved to dismiss under CPLR 3211 (subd [a], par 7) on the ground that the complaint failed to state a cause of action because of plaintiffs' noncompliance with two conditions precedent in that they never filed a notice of claim or submitted to a hearing prior to the commencement of the action. Plaintiffs cross-moved for, *inter alia,* leave to file a notice of claim, *nunc pro tunc,* to November 8, 1977, the date of service of the complaint, and for an order deeming the summons and complaint to be a notice of claim. Special Term granted plaintiffs' cross motion and denied the motion, finding that the city had inspected the elevator and accident scene within seven days of the accident, and thus had the same opportunity to investigate which it would

otherwise have been afforded under the statutory provision for notice.

Since this accident occurred within one year prior to September 1, 1976, this case is controlled by the 1976 amendments to subdivision 5 of section 50-e of the General Municipal Law (L 1976, ch 745, § 2), effective September 1, 1976 (see *Matter of Beary v City of Rye,* 44 NY2d 398.) Although a notice of claim must still be filed within 90 days after the accrual of the claim (General Municipal Law, § 50-e, subd 1, par [a]), a court, in its discretion, may now extend the time to serve the notice to a period in time not later than "the time limited for the commencement of an action by the claimant against the public corporation" (General Municipal Law, § 50-e, subd 5), whereas under former subdivision 5 (L 1945, ch 694, § 1, as amd by L 1959, ch 814, § 1) late filing, if permitted, had to be effected within one year after accrual. Since, under subdivision 1 of section 50-i of the General Municipal Law the period of time for commencing the action itself is 1 year and 90 days, the summons herein was timely served, but neither a notice of claim nor a motion to file a late notice of claim was filed within the same period.

Plaintiffs point out that before the 1976 amendments the statute required that "[a]pplication for such leave [to serve a late notice of claim] must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim". They reason that since the amendment deleted the requirement that application be made within a year, and provided that the time for filing a notice may be extended to a time not to exceed the time limited for the commencement of an action, and since they filed the summons and complaint within this period, their application was timely. Leave itself to file late was not sought, however, until almost four years after the accident.

While the 1976 amendments have enlarged the time within which late filing might be permitted, and eliminated the time restraints in which the application must be made (see *Pierson v City of New York,* 83 AD2d 128), as well as expanded the grounds upon which a court might

allow late filing, they do not, in our view, authorize either the late notice or the form of notice which Special Term has sanctioned here. Subdivision 1 of section 50-i of the General Municipal Law requires, as conditions precedent to the prosecution of a personal injury action against a city, that a notice of claim be filed, that an allegation in the complaint be made that at least 30 days have elapsed since the service of the notice, and that the action be commenced within 1 year and 90 days after the event upon which the claim is based. Thus, the statute clearly contemplates a notice of claim distinct from the complaint. If any complaint served after the expiration of 90 days but within the statutory period for the commencement of an action could be deemed to be a notice of claim, the entire statutory scheme requiring the filing of notices of claim would be obviated.

We recognize that subdivision 5 of section 50-e of the General Municipal Law, as amended, provides that "[a]n application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation", and thus contemplates granting leave to file a late notice even though the chronological requirements of section 50-i have not been followed. This exception, however, authorized within the statute itself, does not lead to the conclusion that the Legislature contemplated that any timely complaint could serve as a notice of claim. "[W]here the Legislature has decreed that, as a prerequisite to sue, a particular form of notice shall be conveyed with particular details to particular public officers, the courts lack the power to substitute something else." (*Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139, 142.)

Obviously, even the timely submission of an application to file a late notice does not guarantee that the relief will be granted. In *Matter of Szvanka v City of New York* (73 AD2d 877), a case decided under the present law, this court, despite a vigorous dissent, refused to extend the time for filing a notice of claim although the motion was made only seven months after the accident giving rise to the lawsuit.

The 1976 amendments were, in part, a response to the decision of *Camarella v East Irondequoit Cent. School Bd.* (34 NY2d 139, *supra*), in which the Court of Appeals affirmed the dismissal of a complaint although the notice of claim was filed 92 days after the date of the accident, but the motion to seek a late filing was not made within one year. The court took note (p 142) of "[t]he need for legislative reconsideration of the harsher aspects of section 50-e", but also recognized its own inability to substitute or accept its own type of notice. Now, a court may exercise its discretion in a plaintiff's favor after taking into account several considerations such as "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." (General Municipal Law, § 50-e, subd 5.) In this case, notice of plaintiffs' claims by service of the complaint, even assuming the complaint to have been adequate notice, was not given until over a year after the accident. Any investigation the city could have undertaken at that juncture to defend the lawsuit would have been at a point in time well removed from the accident. Although no time limit exists within which the application for late filing must be made (*Pierson v City of New York,* 83 AD2d 128, *supra*), a plaintiff must adhere to minimum statutory requirements to take advantage of a beneficient exercise of discretion.

*Quintero v Long Is. R.R.* (31 AD2d 844), upon which plaintiffs rely, is inapplicable. In that case the summons and complaint were served within 90 days after the accident, or within the statutory time for filing a notice of claim. The court found (p 844) that the complaint essentially contained the statutory requirements with respect to a notice of claim, and that "under the special facts and circumstances of the case" it would deem the summons and complaint as a notice of claim. Such special facts or circumstances are not found here. Nothing was served on the city within the initial 90-day period which would have put it on notice and permitted it to conduct any investigation it believed necessary. Indeed, as already noted, the complaint was not served until over a year after the accident. Nor have plaintiffs demonstrated a sufficient excuse for their

failure to file a timely notice, aside from an oblique reference to the failure of counsel.

Special Term intimated that since a notice of claim is required to permit the city an opportunity to "investigate and determine which claims are to be settled and which contested * * * while the facts are fresh" the investigation undertaken by the city within seven days of the accident* could afford the city the same information it would receive under statutory notice. Information obtained by a municipal agency conducting an investigation in the normal course of business, however, cannot generally substitute for an investigation undertaken after service of a timely notice of claim. "The purpose of requiring notice is to apprise the [municipality] of the claim and give it an opportunity to investigate. (*Chalmers & Son* v. *State of New York,* 271 App. Div. 699, affd. 297 N.Y. 690; *McMahon* v. *State of New York,* 173 Misc. 1004, affd. 261 App. Div. 879.) Certainly this purpose would not be fulfilled if knowledge of the acts charged, imputed by claimant to the [city] employee, were to be considered actual knowledge of the [city] of the essential facts constituting the claim." (*Bommarito v State of New York,* 35 AD2d 458, 459-460; see, also, *Phillips v State of New York,* 36 AD2d 679; *Williams v Town of Irondequoit,* 59 AD2d 1049.)

Under the amendment's liberalized provisions a court, in entertaining a late notice application, may consider whether "the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim arises] or within a reasonable time thereafter." (General Municipal Law, § 50-e, subd 5.) But because a public corporation has "numerous employees and departments and diverse operations" (*Adkins v City of New York,* 43 NY2d 346, 352) knowledge acquired by any of its employees except those specified in the statute cannot seriously be construed to be notice of the type which would put the corporation on notice of possible litigation. "To suggest that the city acquires actual, or even constructive, notice through information disclosed to another division, agency

---

* Both the Department of Buildings and the police department conducted routine accident investigations.

or branch flies in the face of reality." (*Phillips v City of New York*, 98 Misc 2d 1124, 1126; see, also, *Hess v Police Dept. of City of N. Y.*, NYLJ, April 7, 1980, p 14, col 4.) In the circumstances presented the city's motion to dismiss the complaint for noncompliance with sections 50-e and 50-h of the General Municipal Law should have been granted.

Accordingly, the order, Supreme Court, New York County (SUTTON, J.), entered October 20, 1980, which denied the city's motion to dismiss the complaint and granted plaintiffs' cross motion for an order deeming the summons and complaint in the action to be a notice of claim and extending the time to file such notice of claim, *nunc pro tunc,* to November 8, 1977, should be reversed, on the law, without costs or disbursements, the motion to dismiss granted, and the cross motion denied.

MURPHY, P. J., KUPFERMAN, CARRO and LUPIANO, JJ., concur.

Order, Supreme Court, New York County, entered on October 20, 1980, unanimously reversed, on the law, without costs and without disbursements, the motion to dismiss granted, and the cross motion to deem the summons and complaint to be a notice of claim and extend the time to file such notice *nunc pro tunc,* denied.