In the Matter of MICHAEL T. CLARK et al., Respondents, v RAYMOND J. SHERIDAN et al., Appellants, and RED WING PROPERTIES, INC., Intervenor-Appellant.

Second Department, February 27, 1984

### APPEARANCES OF COUNSEL

*Denton & McLaughlin, P. C. (Kevin A. Denton* of counsel), for appellants.

*William J. O'Hare, P. C. (Margaret Maroulis* of counsel), for intervenor-appellant.

*Rider, Drake, Sommers & Loeb, P. C. (James R. Loeb* and *H. W. Bernstein* of counsel), for respondents.

### OPINION OF THE COURT

MANGANO, J.

The question to be decided on these appeals is whether the Zoning Board of Appeals of the Town of Beekman complied with section 267 of the Town Law and the Zoning Ordinance of the Town of Beekman, when it amended and renewed a special use permit. In our view, the question must be answered in the negative, and the judgment affirmed, but not for the reasons advanced by Special Term.

On September 6, 1979, after the completion of extensive impact studies, the Zoning Board of Appeals of the Town of Beekman (board) granted the intervenor Red Wing Properties, Inc. (Red Wing), a special use permit to mine gravel and soil for a three-year period.

Although it was estimated that the project would take some 20 years to complete, the special use permit was limited to three years to be consistent with a three-year permit issued by the New York State Department of Environmental Conservation. The special use permit granted to the intervenor did not contain any provision regarding renewal of the permit.

Sometime prior to September 2, 1982, Red Wing sought renewal of the permit. Upon the realization that the permit did not contain any provision allowing for its renewal, the board, on September 2, 1982, voted unanimously to reconsider the original resolution dated September 6, 1979, granting the special use permit, and called a special meeting and public hearing for September 14, 1982, to resolve the matter. After the public hearing on that date, the board unanimously approved resolutions amending the permit to allow for its renewal and renewing the permit for an additional three-year period, pursuant to said amendment.

Thereafter, the instant proceeding was commenced by petitioners, owners of real property in and residents of the Town of Beekman, challenging the validity of the board's determinations of September 14, 1982, amending and renewing the intervenor's special use permit.

In their petition challenging the validity of the board's determinations, petitioners alleged, *inter alia,* that (1) the Zoning Ordinance of the Town of Beekman did not give the board the power to amend, renew or modify a special permit and, therefore, the board acted beyond its powers when it amended and renewed the instant special use permit; (2) even assuming, *arguendo,* that the board had the right to amend and renew an existing special use permit, it could not do so on September 14, 1982, since the instant special use permit had expired by its own terms on September 6, 1982; (3) the board violated the mandate of section 239-m of the General Municipal Law when it failed to refer the intervenor's application for renewal to the

Dutchess County Planning Department; and (4) the board failed to transmit the intervenor's application for renewal and the notice of rehearing to the Town of Beekman Planning Board as required by section 412 of the Zoning Ordinance of the Town of Beekman.

In its answer the board, *inter alia,* admitted that the Zoning Ordinance of the Town of Beekman did not "include a procedure for renewal or review of a special use permit" but alleged that it acted under "the broad powers set forth in Town Law Section 267 (6) and unanimously voted to rehear the original special use permit in order to modify its original order".

With respect to its failure to transmit the application for renewal and the notice of rehearing to the county planning department or the town planning board, the board argued that these referrals were unnecessary since the proposed modification of the special use permit did not involve a "new or different operation".

In granting the petition and vacating the board's determinations of September 14, 1982 amending and renewing the intervenor's special use permit, Special Term held that (1) in September, 1982, section 411 of the Zoning Ordinance of the Town of Beekman did not authorize the board "to amend, renew or otherwise modify a special permit once granted" and (2) section 267 of the Town Law was "inapposite" and of no avail to the board since the powers enumerated therein could only be exercised by the board with regard to a special use permit still in effect and not with regard to the instant special use permit which had already expired. In view of its determination, Special Term did not address the other challenges raised by petitioners to the board's determinations of September 14, 1982.

In our view, the petition was properly granted and the board's determinations of September 14, 1982 annulled, but not for the reasons set forth by Special Term.

Special Term was correct in holding that the board had no authority under the Zoning Ordinance of the Town of Beekman in effect in September, 1982, to amend and renew the special use permit granted to the intervenor on September 6, 1979. However, Special Term erred in holding that section 267 of the Town Law was "inapposite" and

of no avail to the board. Subdivision 6 of section 267 of the Town Law provides in pertinent part: "6. Upon motion initiated by any member and adopted by the unanimous vote of the members present, but not less than a majority of all the members, the board of appeals shall review at a rehearing held upon notice given as upon an original hearing, any order, decision or determination of the board not previously reviewed. Upon such re-hearing * * * the board may, upon the concurring vote of all of the members then present, reverse, modify or annul its original order, decision or determination." Under the provisions of subdivision 6 of section 267 of the Town Law, the board had the authority, pursuant to a motion unanimously passed, to schedule a rehearing for the purpose of modifying or amending the special use permit so as to provide for its renewal (see *Matter of Town Bd. v Plonski,* 206 NYS2d 371, 376, revd on other grounds 13 AD2d 704, affd 10 NY2d 1035).

Nor do we agree with Special Term's determination that subdivision 6 of section 267 of the Town Law is inapplicable on the ground that the board's determinations amending and renewing the special use permit were made on September 14, 1982, after the initial three-year term of the special use permit had expired. The record indicates that the intervenor's request for a renewal of the special use permit, as well as the board's vote to call a special meeting and public hearing to rehear the issue of the special use permit, were made prior to the expiration of the initial three-year term of the permit. It was only due to statutory notice requirements contained in section 412 of the Zoning Ordinance of the Town of Beekman that the rehearing was actually conducted after the initial three-year term of the special use permit had expired. Under these circumstances, we find no illegality in this respect with regard to the board's determinations dated September 14, 1982 (cf. *Matter of Powers v Foley,* 25 AD2d 525; *Curtis v Drumm,* 26 AD2d 760).

Petitioners allege in their petition and their brief on appeal that the intervenor's application for amendment and renewal of its special use permit was not given to the

Dutchess County Planning Department, as required by section 239-m of the General Municipal Law.

Section 239-m of the General Municipal Law provides, *inter alia,* that any application for a special use permit shall be referred to the appropriate "county planning agency" when the special use permit affects real property, "lying within a distance of five hundred feet from the boundary of any city, village, or town, or from the boundary of any existing or proposed county or state park or other recreation area, or from the right-of-way of any existing or proposed county or state parkway, thruway, expressway, road or highway, or from the existing or proposed right-of-way of any stream or drainage channel owned by the county or for which the county has established channel lines, or from the existing or proposed boundary of any county or state owned land on which a public building or institution is situated". However, petitioners have utterly failed to establish, much less even indicate, which site or object is within 500 feet of the subject realty. Accordingly, this argument must be rejected.

Nevertheless, we are of the view that the petition was properly granted and the board's determinations dated September 14, 1982, was properly annulled.

Subdivision 6 of section 267 of the Town Law provides in pertinent part that all notices which were required to be given at the original hearing, must also be given at any rehearing. The petition alleges that pursuant to section 412 of the Zoning Ordinance of the Town of Beekman, the zoning board is required to transmit to the Town of Beekman Planning Board a copy of any application together with a copy of the notice of the hearing. A review of section 412 of the zoning ordinance indicates that petitioners are correct in this allegation. Pursuant to subdivision 6 of section 267 of the Town Law, this notice requirement had to be complied with prior to the rehearing. Since the record indicates that this notice requirement was not complied with by the board, its determinations dated September 14, 1982, must be annulled.

Our determination is made without prejudice to the intervenor's right to file an application for a new special use permit, if it be so advised.

MOLLEN, P. J., LAZER and BROWN, JJ., concur.

Judgment of the Supreme Court, Dutchess County, dated March 28, 1983, affirmed, without costs or disbursements.