■ In the Matter of TEE T's LANDING CORP. et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals imposing a limitation on the occupancy of a restaurant, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (England, J.), dated December 6, 1982, which denied the application. ¶ Judgment reversed, as a matter of discretion, without costs or disbursements, petition granted to the extent that the determination dated March 18, 1982 is annulled and the matter is remitted to the Zoning Board of Appeals for a rehearing on the issue of the restaurant's seating capacity, in accordance herewith. ¶ On or about January 5, 1982, petitioner Tee T's Landing Corp. made an application to the respondent Zoning Board of Appeals for permission to operate certain property, leased to it by petitioner Port Dock and Stone Corp., as a restaurant. Application was also made for permission to use, if necessary, an adjacent municipal parking facility in order to comply with the Town of Huntington's on-site parking requirements. ¶ On February 4, 1982, a hearing on the application was conducted by the respondent Zoning Board, at which hearing the sole stockholder of the petitioner Tee T's Landing Corp. testified, *inter alia,* that he expected that the restaurant's seating capacity on the first floor would be approximately 60 people, and that the second floor lounge area would accommodate 20 people. The respondent Zoning Board granted the application without any limitations as to the restaurant's seating capacity on the apparent assumption that the seating capacity would

be limited to 80 persons. ¶ Thereafter, petitioner Tee T's Landing Corp. entered into contracts to renovate the property, and submitted an application for a building permit to the Town of Huntington, Department of Engineering, Building and Housing, for permission to undertake the renovations and/or alterations on the restaurant. Submitted with the application were the petitioner's plans which contained an entry indicating 200 occupants. ¶ On March 18, 1982, the respondent Zoning Board of Appeals, noting the afore-mentioned hearing testimony, amended its February 4, 1982, determination to reflect the following: "[T]his application is granted permitting the erection of a restaurant on the site with leave to use the municipal lot for parking upon condition that the restaurant, on the first floor, have seating capacity for no more than 60 patrons and the second floor lounge have capacity for no more than 20 persons." ¶ By notice of petition, dated April 14, 1982, the petitioners made the instant application for a judgment pursuant to CPLR article 78 to review the March 18, 1982 determination of the respondent Zoning Board of Appeals, which determination limited the restaurant's seating capacity to 80 patrons. In essence, the petitioners contended that the limitation was imposed in violation of subdivision 6 of section 267 of the Town Law "in that no motion was unanimously adopted by the members present at a meeting of the said Board requesting modification, no notice of rehearing was given to anyone, no rehearing was had and the modification was not adopted by the concurring vote of all of the members then present." Special Term denied the application. ¶ We agree with Special Term that the change in the determination was an amendment, rather than a modification, and consequently, the petitioners were not entitled to notice of rehearing pursuant to subdivision 6 of section 267 of the Town Law (see *Matter of Town Bd.,* 206 NYS2d 371, revd on other grounds 13 AD2d 704, affd 10 NY2d 1035). However, as alternatively suggested by the respondent Zoning Board of Appeals, the petitioners should be permitted to submit proof at a rehearing on the question of the propriety of the 80-patron limitation. Mollen, P. J., Thompson, Weinstein and Niehoff, JJ., concur.