OPINION OF THE COURT
Gloria Cohen Aronin, J.
On September 28, 1986 respondents appeared before this court sitting in the Criminal Court Arraignment Part. Respondents were charged with several misdemeanor gambling offenses and took a plea in satisfaction of the charges to Penal Law § 240.20 disorderly conduct, a violation. The court at this time, without objection from the Assistant District Attorney appearing, ordered the return of the $1,213 held by the police in connection with defendants’ gambling arrest.
The present motion comes before this court upon order to *1046 show cause dated January 13, 1987 wherein the Property Clerk of the City of New York seeks to vacate and set aside the court’s order of September 28, 1986.
Authority is conferred by statute upon a Criminal Court Judge to return property to a defendant when the court is "satisfied from the evidence that the person arrested is innocent of the offense alleged, and that the property rightfully belongs to him or her, then such judge thereupon, in writing, may order such property or money to be returned, and the property clerk, if he or she have it, to deliver such property or money to the accused person” (Administrative Code of City of New York § 14-140 [4] [c]; People v Braunhut, 101 Misc 2d 975). The duties of the property clerk, which consist of being the repository of property taken from persons arrested, are set forth in the Administrative Code.
The issues involved in the determination of claims to property taken from an arrested defendant are usually determined in a civil forfeiture action. The substantive and procedural requirements of such an action are set forth in CPLR article 13. The District Attorney is the proper "claiming authority” authorized to bring such action. (CPLR 1310 [11]; 1311 [1].) Moreover, either the District Attorney or the Attorney-General is the attorney for any arm of the State which may bring any forfeiture action. (CPLR 7201 [a].)
A constitutional test of the Administrative Code sections regarding the property clerk’s duties (Administrative Code § 435-4.0 [now § 14-140]) resulted in a consent decree outlining a set of procedures for making claims for return of money from the property clerk which met constitutional requirements (McClendon v Rosetti, 369 F Supp 1391, upon remand from 460 F2d 111), to wit: demand to be made within 90 days after termination of criminal proceedings or a District Attorney’s "release”, whichever is sooner, and the property clerk’s action to be brought within 10 days of demand. This also ultimately resulted in provisions in the CPLR for civil forfeiture actions. (CPLR art 13.)
The Appellate Division, First Department, has determined that a disposition as to a defendant in a criminal proceeding is not determinative of the rights to property taken from the accused. (Property Clerk of N Y. City Police Dept. v Hurlston, 104 AD2d 312.) Thus, Administrative Code § 14-140 (4) (c) requirements of a finding as to ownership of the property and innocence of offenses alleged are not automatically fulfilled by *1047 the result of the criminal proceeding. Therefore, a hearing would be appropriate before the court orders the return of the property under that section.
However, in the case at bar, when the court ordered the return of the property, the Assistant District Attorney present acquiesced by failing to object. As the proper attorney and "claiming authority” (CPLR 1310 [11]; 1311 [1]; 7201 [a]), this lack of objection would properly constitute a waiver of a right to further hearing and the order of the court should stand. The motion to set aside is therefore denied in all respects.