PROPERTY CLERK, NEW YORK CITY POLICE DEPARTMENT, Appellant, v RONALD SERODA et al., Respondents.

First Department, November 19, 1987

## APPEARANCES OF COUNSEL

*Charles A. Singer* of counsel *(Thomas P. Schulz* with him on the brief; *Weber, Singer & Schulz,* attorneys), for respondents.

*Barry P. Schwarz* of counsel *(Fay Leoussis* with him on the brief; *Peter L. Zimroth,* attorney), for petitioner.

## OPINION OF THE COURT

SULLIVAN, J. P.

The Property Clerk of the New York City Police Department seeks a judgment declaring forfeit, pursuant to section 14-140 (formerly § 435-4.0), of the Administrative Code of the City of New York, a 1985 Cadillac automobile seized from Ronald Seroda at the time of his arrest. This appeal is from a determination dismissing the petition as untimely and directing the automobile's return to Seroda's wife.

Seroda was stopped driving the Cadillac on October 7, 1986 by a New York City police officer after the officer had received a radio call from another officer that Seroda and his front seat passenger, subsequently identified as Jerome Columbo, had just purchased drugs. During an ensuing search, 8 glassine packets containing heroin were found on Columbo, and 6 hypodermic needles recovered from the passenger compartment. Both Seroda and Columbo were charged with various violations of the drug laws. The Cadillac was seized, vouchered and turned over to the Property Clerk.

On November 6, 1986, while the criminal charges against Seroda were still pending, the District Attorney issued a release certifying that the vehicle in question was no longer required. Claiming, *inter alia,* to be the registered owner of the car, which was leased, and to have been unaware of its use for any illegal purpose, Mrs. Seroda, by letter dated November 7, 1986, demanded its return. This demand was not received by the Property Clerk until November 10, 1986.

The Property Clerk thereafter commenced this proceeding on November 25, 1986 against both Serodas seeking forfeiture of the automobile on the ground that the car either represented the proceeds of criminal activity or served as the instrumentality of Seroda's criminal conduct with the knowledge and consent of his wife. The Serodas opposed the petition and sought release of the car, arguing, in part, that the proceeding was untimely because it had not been commenced within 10 days of receipt of Mrs. Seroda's written demand for

the vehicle's return, in accordance with Public Health Law § 3388 (4). Although alleging in their answer that the demand was sent to the Property Clerk by "DHL Overnight Express" on November 7, 1986, the Serodas failed to submit an affidavit of service attesting to such mailing.

The Property Clerk responded to the Statute of Limitations defense by asserting that the July 15, 1974 order of the United States District Court for the Southern District of New York (Lasker, J.) in *McClendon v Rosetti* (70 Civ 3851), not Public Health Law § 3388 (4), establishes the applicable time period for seeking forfeiture of property pursuant to section 14-140 of the Administrative Code. That order, as subsequently clarified by Judge Lasker in a May 27, 1983 letter, provides that the Property Clerk has 10 "working days" after a demand for the return of property in which to institute a forfeiture proceeding. The Property Clerk reasoned that since the four weekend days (Nov. 15, 16, 22 and 23) and one legal holiday (Veteran's Day on Nov. 11) intervening between receipt of the Serodas' demand and commencement of this proceeding had to be excluded in calculating the limitations period, the proceeding was timely commenced on November 25, 1986.

In dismissing the petition, the motion court agreed that the 10-day period established by Judge Lasker was controlling; that the time period did not begin to run until after the Property Clerk's receipt of the written demand on November 10, 1986; and that the proceeding was commenced on November 25, 1986. It questioned the efficacy of Judge Lasker's May 27, 1983 clarification letter, however, noting that it was "unaware who [the addressees] are and what triggered the writing of such letter", and determined that the 10-day period in the *McClendon* order meant 10 "consecutive calendar days", not 10 "working days". In so holding, the court analogized the instant matter to a proceeding brought pursuant to Public Health Law § 3388 (4) to declare a forfeiture where a vehicle is used to conceal, convey or transport a controlled substance, and to which section 20 of the General Construction Law is applicable. Section 20 provides that every calendar day, exclusive of the day from which the reckoning is made, is to be counted in computing a time period, except if the period ends on a Saturday, Sunday or a public holiday *(see,* General Construction Law § 25-a). Applying such reasoning, the court held that since the Property Clerk acknowledged receipt of Mrs. Seroda's demand letter on November 10, 1986, the calcu-

lation of the 10-day period began the next day, even though it was Veteran's Day, and expired on November 20, 1986, which was five days before the commencement of this proceeding.

Even assuming the applicable limitations period to be, as Judge Lasker stated, 10 "working days", the court further held, citing an opinion of the Attorney-General (1915 Opns Atty Gen 139), the proceeding would still be untimely since the term "working days", as ordinarily used, means the days as they succeed each other, exclusive only of Sundays and holidays. By such calculation, the 10-day period would have terminated on November 22, 1986, a Saturday, and a day upon which service of a summons or notice of petition may be effected, Since we find the conclusions upon which the motion court based its determination to be fatally flawed, we reverse and reinstate the petition.

Section 14-140 (b) of the Administrative Code provides that the Property Clerk shall take custody of and retain all property and money which is, *inter alia,* taken from a prisoner, or suspected of being the proceeds or instrumentality of a crime. Under section 14-140 (e), a person who, *inter alia,* so obtained, used, or held such property or money or "permitted or suffered" the same to be so used or held "shall not be deemed to be the lawful claimant entitled to any such moneys or property".

In *McClendon v Rosetti* (460 F2d 111, 114-116) the Second Circuit held former section 435-4.0, now section 14-140, unconstitutional, not on its face, but as applied to persons from whom property, other than contraband, had been seized and not returned even though the property was not related to a criminal proceeding, or, if so related, the criminal proceedings had been terminated or the property was no longer needed as evidence. The court found, *inter alia,* that section 435-4.0 (f) violated due process by requiring the foregoing class of claimants to institute a judicial proceeding to recover its property and to bear the burden of proving its entitlement to it *(supra,* at 115-116). The case was remanded to the District Court to determine the rights of the class and to fashion the requisite injunctive relief "to avoid further perpetuation of the practices and procedures" found unconstitutional *(supra,* at 116).

On remand, the District Court (Lasker, J.) issued its July 15, 1974 order setting forth the applicable procedural scheme when property other than contraband is taken from a person

at the time of arrest.[1] The order, *inter alia,* provided that a demand for the return of such property or money would be timely if made within 90 days after the issuance of a District Attorney's release stating that the property is not needed as evidence, or the termination of the criminal proceedings, whichever is earlier. The Property Clerk must, within 10 days of a timely demand accompanied by the District Attorney's release, either return the property or, where there is "reasonable cause to believe that the property or money was unlawfully obtained or was stolen or was the proceeds of crime or instrumentality of crime", commence a forfeiture proceeding or other similar judicial action. In any such proceeding the Property Clerk has the burden of proving by a preponderance of the evidence that he is entitled to detain the property or money. In a May 27, 1983 letter to the parties' counsel, written, in large part, in response to an earlier letter from the Police Department's then Assistant Deputy Commissioner for Legal Affairs, Judge Lasker subsequently ruled that the 10-day period prescribed by his 1974 *McClendon* order means 10 "working days", not calendar days.

The Court of Appeals has recently held, in *Moreno v City of New York* (69 NY2d 432, 435-436), that the *McClendon* order's procedures are applicable in instances where, as here, a claimant seeks the return of property by demand and without judicial intervention. Indeed, this court, in previously reaching the same conclusion, has applied the 10-day limitation set forth in the 1974 *McClendon* order for the commencement of forfeiture proceedings. *(See, Matter of Kenyon v Wendt,* 78 AD2d 833; *Williamsburg Volunteer Ambulance Corps v Wendt,* 95 Misc 2d 414, 419-420; *see also, Property Clerk, N. Y. Police Dept. v Robertson,* 134 Misc 2d 1045, 1046; *Reid v McAndrews,* 107 Misc 2d 1018, 1019.) Thus, the motion court correctly found that the *McClendon* 10-day limitations period governs. Inexplicably, however, it refused to accept Judge Lasker's construction of his own order, and applied a calendar, rather than "working", days standard to the 10-day limitations period. As the Property Clerk demonstrated, the instant proceeding was, by the latter standard, timely commenced.

Section 20 of the General Construction Law, which provides that all calendar days are to be included in computing a time period, is not, as the court believed, applicable to the *McClen-*

---

1. Although unpublished, the 1974 *McClendon v Rosetti* order has been made part of the record herein.

*don* order. Section 20 is a guideline for statutory and contractual interpretation in the determination of when performance is due under a specified time constraint. *(See,* General Construction Law § 110; *Messina v Lufthansa German Airlines,* 47 NY2d 111, 115-116.) It has no application to a judicial order which specifically provides otherwise. Thus, even if the *McClendon* order were deemed to have effectively engrafted an amendment onto section 14-140 *(see, Matter of Kenyon v Wendt, supra,* 78 AD2d, at 834), section 20 would still be inapplicable since the amendment, by subsequent amplification, contains an expressed intention that another method of time computation be used. (General Construction Law § 110; *see, Messina v Lufthansa German Airlines, supra,* 47 NY2d, at 115; *People ex rel. Neufeld v McMickens,* 117 AD2d 243, 246-247; *see also, Southbridge Finishing Co. v Golding,* 2 AD2d 430, 433-434.) In his May 27, 1983 letter, Judge Lasker unequivocally indicated that the 10-day limitation period in his 1974 *McClendon* order means 10 "working days", not 10 calendar days. Since the court was responding to a Police Department written request for a 10-business-day interpretation, which request had stressed the increased volume of property return demands and pointed to the fact that its Legal Bureau and Property Clerk's office were open for business Monday through Friday,[2] the term "working days" must obviously be construed to exclude Saturdays as well as Sundays and holidays.

The Serodas argue that the computation of the limitations period does not commence with November 12, 1986, the first workday after receipt of the November 7, 1986 demand letter, but rather with the date of its mailing, and that, therefore, even if the 10-workday limitations period were applicable, this proceeding would still be untimely. This argument runs counter to Judge Lasker's clarification of the 1974 *McClendon* order. By construing his order to mean that a forfeiture proceeding must be commenced within 10 "working days", not 10 calendar days, from the date of demand, Judge Lasker intended to accord the Property Clerk the broadest 10-day period possible. That goal would, in large measure, be frustrated by a date of mailing rule, given the uncertainty of mail

---

2. Although not part of this record, we take judicial notice of a May 13, 1983 letter, which is part of the *McClendon v Rosetti* proceedings, from Rosemary Carroll, the Police Department's then Assistant Deputy Commissioner for Legal Affairs, to Judge Lasker. *(See, Matter of Hartman v Joy,* 47 AD2d 624, 625; *George v Time, Inc.,* 259 App Div 324, 328, *affd* 287 NY 742.)

delivery. It would drastically curtail the time available to the Legal Bureau to review a demand to determine whether to comply or to institute forfeiture proceedings, and if the latter course is chosen, to prepare and serve the requisite pleadings and supporting papers.

Moreover, utilizing the date of receipt of a demand, rather than mailing, as the point at which the limitations period begins to run is consistent with the rule generally employed in calculating the four-month period of CPLR 217, the shortest Statute of Limitations prescribed by CPLR article 2. *(See, e.g., Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834; *Matter of Edelman v Axelrod,* 111 AD2d 468, 469.) It also comports with the similarly curtailed periods in which a government entity is required to furnish documents in response to a request made under the Freedom of Information Law *(see,* Public Officers Law § 89 [3]), and the calculation of the date of service of a notice of claim served by ordinary, rather than registered or certified, mail *(see,* General Municipal Law § 50-e [3] [c]; *cf., Adkins v City of New York,* 43 NY2d 346).[3]

The Serodas also argue that Public Health Law § 3388 (4), which provides for the forfeiture of a vehicle used to conceal, convey, or transport a controlled substance, governs this proceeding, and that, accordingly, section 20 of the General Construction Law, as applied to the 10-day limitations period prescribed for forfeiture proceedings under Public Health Law § 3388 (4), controls. This argument is without merit. This is a section 14-140 forfeiture proceeding, not one brought under section 3388 (4). *Chmielewski v Rosetti* (59 Misc 2d 335, 336), upon which the Serodas rely, was decided prior to *McClendon (supra),* did not involve a limitations issue, and, in any event, is inconsistent with the subsequent holdings of the Court of Appeals *(Moreno v City of New York, supra,* 69 NY2d, at 435-436) and this court *(Matter of Kenyon v Wendt,* 78 AD2d 833, *supra).*

In passing, we note the absence of any ameliorative legislation with respect to Administrative Code § 14-140 in the more than 13 years since the entry of the *McClendon* order. This would seem to be a matter worthy of legislative attention.

Accordingly, the judgment of the Supreme Court, New York

---

3. Even if a date of mailing rule were applicable, a November 7, 1986 mailing was never established since, as already noted, the Serodas failed to proffer an affidavit of service in support of their claim of such mailing.

County (Burton S. Sherman, J.), entered March 23, 1987, dismissing the petition, should be reversed, on the law, the petition reinstated and the matter remanded for a disposition on the merits, without costs or disbursements.

Ross, KASSAL, ROSENBERGER and WALLACH, JJ., concur.

Judgment, Supreme Court, New York County, entered on March 23, 1987, unanimously reversed, on the law, the petition reinstated and the matter remanded for a disposition on the merits, without costs and without disbursements.