■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v LEONARD WEISBARD, Respondent.—Judgment, Supreme Court, New York County (Stanley Parness, J.), entered August 19, 1987, which granted respondent's cross motion to dismiss the petition, and, directed petitioner Property Clerk to

release respondent's 1982 Mercury automobile to him, is unanimously reversed, on the law and on the facts, cross motion denied, petition, which seeks forfeiture of the respondent's vehicle, is reinstated, and, the matter is remanded for a disposition on the merits, without costs.

At Seagirt Boulevard, and Bay 9th Street, in Queens County, on the evening of February 9, 1987, a New York City police officer arrested Mr. Leonard Weisbard, and charged him with the crime of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), since that officer had found a tin of P.C.P (also known as "angel dust") inside a 1982 Mercury (car) which was being operated by Mr. Weisbard. The officer seized the car, in view of the fact an illegal narcotic was recovered from it.

After the office of the District Attorney, Queens County, issued him a release, on February 13, 1987, Mr. Weisbard demanded that the Property Clerk of the New York City Police Department (Property Clerk) return his car.

Subsequently, on March 2, 1987, the criminal case against Mr. Weisbard, concerning the possession of the drug, was "Adjourned in Contemplation of Dismissal". On that same day, which was 10 working days after Mr. Weisbard made his demand, the Property Clerk instituted the instant proceeding against him, pursuant to Administrative Code of the City of New York § 14-140, in which a judgment was sought declaring the car forfeit, on the ground the subject vehicle had been used as a means of committing a crime. In response, Mr. Weisbard answered the Property Clerk's petition, and also, in March 1987, instituted his own proceeding, pursuant to CPLR article 78, against the Property Clerk, in which he sought a judgment directing the return of the car to him. Thereafter, the IAS court found the Property Clerk's petition untimely, granted Mr. Weisbard's cross motion to dismiss it, and directed the return of the car.

We disagree.

Based upon our review of the record, we find that the Property Clerk's petition was timely filed, since it was served within 10 working days of Mr. Weisbard's demand *(Property Clerk v Seroda,* 131 AD2d 289 [1st Dept 1987]).

Accordingly, we reverse, deny the cross motion to dismiss, and reinstate the petition of the Property Clerk. Concur—Kupferman, J. P., Sullivan, Ross, Kassal and Rosenberger, JJ.