OPINION OF THE COURT
Leonard N. Cohen, J.
Defendant Ronald Hyne moves to dismiss the complaint brought by plaintiff Property Clerk, New York City Police *775 Department (the Property Clerk) for a declaratory judgment in this forfeiture action. Specifically, defendant argues that Administrative Code of the City of New York § 14-140, which governs forfeiture proceedings, is unconstitutional.
Defendant Hyne was arrested on February 1, 1989 for possession of "crack” cocaine. According to Police Officer Laura Romer’s affidavit, defendant was observed driving his 1979 Chevrolet Camaro to a known drug trafficking location in Queens. It appears that a passenger in defendant’s vehicle exited the car and was observed purchasing a controlled substance. When the passenger returned to the subject vehicle, defendant drove off. Shortly after leaving the aforementioned location, the vehicle was stopped and one glassine of "crack” cocaine was found on the front passenger seat. Seven more glassines were found on the floor of the rear passenger seat. Defendant Hyne and his passenger were both placed under arrest for criminal possession of a controlled substance and the vehicle was seized pursuant to Administrative Code § 14-140. The complaint alleges that the vehicle was used by defendant as the instrumentality of or to aid and further the commission of a crime.
As a result of plea bargaining, defendant eventually pleaded guilty to a single charge of disorderly conduct, a violation carrying a fine of $25. He was given a release for his automobile by the District Attorney which indicated that the vehicle would no longer be required as evidence. He then made a timely demand for the return of his property. The demand was refused, and the instant forfeiture action by the Property Clerk followed.
Defendant contends that New York’s established forfeiture procedures are unconstitutional under McClendon v Rosetti (460 F2d 111 [2d Cir 1972]) and that the complaint must be dismissed on the grounds that: (1) Administrative Code § 14-140 does not establish a cause of action for forfeiture; (2) constitutional protections against double jeopardy bar the forfeiture action; (3) the present action violates due process, and is jurisdictionally defective in that it is essentially a criminal matter brought in the guise of a civil proceeding; (4) the action violates constitutional safeguards against self-incrimination; and (5) the complaint lacks sufficient particularity.
Administrative Code § 14-140 permits the Property Clerk to seize and retain possession of any property suspected of hav *776 ing been "used as a means of committing crime or employed in aid or furtherance of crime”. (Administrative Code § 14-140 [b].) Under section 14-140 (e) (1) any person found to have "used, employed, sold or held” such property, or who "permitted or suffered the same” to be so used, will "not be deemed to be the lawful claimant” entitled to possession of the property.
New York’s forfeiture procedures were found to be unconstitutional in the 1972 case of McClendon v Rosetti (supra) on the ground that the procedures then in effect under former Administrative Code § 435-4.0 required the claimant to commence a civil action in order to recover his or her property. In such an action, the claimant, not the Property Clerk, had the burden of proving entitlement to the property. The United States Court of Appeals, Second Circuit, found that the delegation of the burden of proof to the claimant rather than to the Property Clerk, was a violation of due process, and remanded the matter to the lower court to formulate procedures in accordance with the decision.
In an order, dated July 15, 1974, Judge Morris E. Lasker, Jr. of the United States District Court for the Southern District of New York set forth the procedures which the Property Clerk would henceforth be required to follow in order to forfeit noncontraband property or money in its possession "[w]hen there is reasonable cause to believe that the property or money was unlawfully obtained or was stolen or was the proceeds of crime or instrumentality of crime.” (McClendon v Rosetti, US Dist Ct, SD NY [index No. 70 Civ 3851].) Within 10 days of a demand for the return of the property, coupled with the District Attorney’s release, the Property Clerk must release the property or must institute "a lawful forfeiture or other similar judicial proceeding” in which the Property Clerk, and not the claimant, would bear the burden of proving "by a preponderance of the evidence that the State is legally justified” in retaining the property. (Supra.)
Since the McClendon v Rosetti decision (supra), the Property Clerk has relied on Judge Lasker’s order, as well as on the language of Administrative Code § 14-140, which replaced section 435-4.0, as the basis for all forfeiture actions.
The defendant herein contends that the present action is not a "lawful forfeiture” as required by the McClendon order, because express language authorizing the institution of a forfeiture action by the Property Clerk is not contained in *777 Administrative Code § 14-140. Defendant contends that no such authorization was ever intended by the Legislature when it enacted section 14-140.
It is indeed unfortunate that the Legislature has not seen fit to amend Administrative Code § 14-140 to reflect the specific requirements of the McClendon order. For example, section 14-140 (f) still refers to the claimant’s duty to prove his or her right to possession in a civil action, the very provision found unconstitutional in McClendon. Although this provision is no longer followed, the public confusion which must necessarily result from this continued oversight has been previously noted, and commented upon, by the courts (see, Butler v Castro, 896 F2d 698 [2d Cir 1990]; Property Clerk, N. Y. City Police Dept. v Seroda, 131 AD2d 289, 295 [1st Dept 1987]). However, this does not mean that the presently utilized forfeiture procedures, which encompass the safeguards set forth by Judge Lasker, are insufficient or unconstitutional. The applicability of the due process procedures of the McClendon order to section 14-140 has consistently been recognized (Moreno v City of New York, 69 NY2d 432 [1987]; Property Clerk, N. Y. City Police Dept. v Seroda, supra).
While Administrative Code § 14-140 does not specifically provide that the Property Clerk may institute civil forfeiture proceedings, its authority to do so on behalf of the Corporation Counsel has been acknowledged (Property Clerk, N. Y. City Police Dept. v Covell, 139 Misc 2d 707 [Sup Ct 1988]). Clearly, the McClendon court, and Judge Lasker recognized such authority in compiling procedures for the Property Clerk to follow in instituting forfeiture actions. Of course, numerous courts have implicitly accepted the Property Clerk’s authority to proceed in a forfeiture action based on Administrative Code § 14-140 (see, Moreno v City of New York, supra; Property Clerk, N. Y. City Police Dept. v Seroda, supra).
The present action like all forfeiture actions brought by the Property Clerk is actually one for a declaratory judgment. The complaint seeks a judgment declaring the Property Clerk’s custody and retention of the subject vehicle to be lawful and that the defendant is not the lawful claimant by virtue of section 14-140 (e). Administrative Code § 14-140 clearly permits the Property Clerk to seize and possess property under certain circumstances. Therefore, the Property Clerk as a legal claimant to the property under the section is wholly within its rights to institute a suit within the limitations set forth by Judge Lasker. Such an action does not result in an *778 impermissible grant of coercive relief, as defendant claims, but merely settles the matter of ownership as between the parties, and pursuant to Administrative Code § 14-140.
There is no justification for defendant’s contention that the present action is improper or unconstitutional on the ground that the Administrative Code does not specifically designate the manner in which the Property Clerk may proceed in order to enforce its rights under section 14-140. In fact, the constitutionality of the City’s present procedures has been expressly noted (Butler v Castro, supra). Nor does this court consider the present declaratory judgment action anything more than a civil action, brought to enforce the civil and remedial goals of Administrative Code § 14-140.
In United States v Ward (448 US 242 [1980]), the United States Supreme Court set forth a two-pronged test to determine whether a statutorily defined penalty is civil or criminal in nature.* First, the court must determine whether the Legislature expressly or impliedly indicated a "preference for one label or the other” (supra, at 248). If a preference for a civil penalty is established, the court is then to inquire further into whether the statutory scheme is in actuality "so punitive either in purpose or effect as to negate that intention” (supra, at 249). Only the " 'clearest proof ” will suffice to establish the unconstitutionality of a statute on such grounds (supra, at 249).
Defendant herein argues that the legislative history and the language of Administrative Code § 14-140 indicates that the Legislature intended to establish a criminal penalty. This court disagrees. The Legislature’s intention to resolve the matter in a civil rather than a criminal context is evidenced by the statute’s requirement that claimant’s right to possession be resolved in a replevin action against the Property Clerk. Further the McClendon order, on which New York’s present procedures are based, clearly contemplates a civil proceeding based on the application of the civil burden of proof.
The fact that the distant predecessor to Administrative Code § 14-140 may have been contained in a criminal code, as defendant argues, is not controlling (see, L 1881, ch 442 ["An *779 Act to Establish a Code of Criminal Procedure”]). Indeed, the present forfeiture procedures have been removed from the criminal codes thereby constituting further evidence of the Legislature’s intention to create a civil rather than a criminal penalty. Therefore, although an intention to create a civil forfeiture is not expressly contained in the statute, the facts pointing to such an implied intention outweigh any indications of a criminal penalty.
The second prong of the United States v Ward test requires a determination as to whether the statutory scheme is so punitive either in purpose or effect to negate the Legislature’s intent. In Kennedy v Mendoza-Martinez (372 US 144 [1963]), the Supreme Court highlighted the elements to be considered in determining whether the forfeiture contemplated by the statute was too punitive to tolerate civil litigation procedures regardless of the Legislature’s intentions upon enactment. The factors are: "[w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment — retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned”. (Supra, at 168-169; see also, United States v $2500 in U. S. Currency, 689 F2d 10, 12-13 [2d Cir 1982].)
Defendant claims that the type of forfeiture created by Administrative Code § 14-140 is clearly punitive in operation, if not in intention. Defendant argues that forfeiture proceedings are historically regarded as punishment and that forfeiture under this section is contingent on the alleged criminal behavior of the claimant. Further, defendant maintains that no remedial purpose is served by the section.
Forfeitures have historically been regarded as civil matters (Helvering v Mitchell, 303 US 391 [1938]; United States v $2500 in U S. Currency, supra, at 14). Actions for forfeiture based on statutorily sanctioned seizure and possession of property are generally considered in rem, and hence civil actions (United States v One Assortment of 89 Firearms, 465 US 354 [1984]). Although some early Supreme Court cases found a "quasi-criminal” aspect to outwardly civil forfeiture statutes for purposes of applying various constitutional safeguards (see, Boyd v United States, 116 US 616 [1886]; Coffey v *780 United States, 116 US 436 [1886]), more recent cases have been critical of adhering to a broad application of these holdings (United States v Ward, supra; United States v $2500 in U S. Currency, supra; but see, United States v United States Coin & Currency, 401 US 715).
The present action is brought for the forfeiture of property only in the Property Clerk’s possession as a result of a seizure and is clearly in rem. In contrast, a forfeiture under CPLR article 13-a is brought in personam for possession of property not within control of the party seeking possession. Although a forfeiture under Administrative Code § 14-140 is indeed predicated on the criminal behavior of the claimant from whom the property was seized, there is no impropriety in the imposition of both criminal and civil penalties based on the same criminal acts (Helvering v Mitchell, supra, at 399; United States v One Assortment of 89 Firearms, 465 US 354, 365, supra).
Further, the statute serves several remedial purposes, including the reduction of criminal activity by depriving the offender of the means of committing further crimes. In addition, revenue is generated and applied toward the cost of law enforcement. Such purposes have been recognized as valid remedial purposes, as opposed to criminal penalties intended merely as punishment (United States v $2500 in U. S. Currency, supra).
The present case is distinguishable from Boyd v United States (supra). In Boyd, the court held that a statute compelling a claimant in a forfeiture proceeding to produce records which might tend to incriminate the claimant in a later criminal action was unconstitutional under the Fifth Amendment, and was, in effect, if not an intention, "quasi-criminal” in nature. The court in United States v Ward (supra) noted that the penalty in Boyd had no correlation to any remedial purpose whatsoever, and was clearly intended as a punishment, and not as a civil, remedial measure.
Further, the proceedings in Boyd (supra), brought prior to any criminal action against the claimants, posed some danger that these parties might prejudice themselves with respect to later criminal proceedings. Such is not the case in Administrative Code § 14-140. A civil action under this section may not be commenced until such time as all criminal investigations or proceedings in which the property is involved are terminated (Administrative Code § 14-140 [g]). Fifth Amendment considerations of self-incrimination are not likely to arise *781 where no further criminal prosecution can result from charges which have been fully resolved.
Therefore, this court finds that defendant has not shown by the "clearest proof’ that the forfeiture procedures utilized herein are so punitive in purpose or effect as to negate the Legislature’s implied purpose in enacting Administrative Code § 14-140 to create a civil, remedial forfeiture statute. As a result, the civil proceeding brought to determine the right of possession of defendant’s vehicle does not amount to double jeopardy or violate constitutional safeguards against self-incrimination or deny defendant due process (United States v Ward, supra).
Finally, upon a review of the complaint, and the affidavit of the arresting officer, Laura Romer, it cannot be said that the complaint is insufficient to give defendant notice of the nature of the criminal acts which gave rise to the seizure of the vehicle and the grounds for the Property Clerk’s determination that the vehicle was used as an instrumentality of a crime. Therefore, there is no basis for dismissing the complaint on these grounds.
Accordingly, the motion is denied in its entirety.

 The court found therein that a monetary penalty imposed on a lessee of an on-shore dwelling facility from which oil escaped into navigable water imposed by section 311 of the Federal Water Pollution Act (33 USC § 1321) is a civil penalty.