**Evelyn LEYH, Plaintiff,**

v.

**PROPERTY CLERK OF the CITY OF NEW YORK POLICE DEPARTMENT and City of New York Police Department, Defendants.**

No. CV–89–3234.

United States District Court,
E.D. New York.

Oct. 1, 1991.

Shirley Kellner Kay, Elmont, N.Y., for plaintiff.

Elizabeth A. Palladino, Asst. Corp. Counsel, Law Dept., New York City, for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff Evelyn Leyh brought this action to recover from the defendants an automobile that was seized by the New York City Police Department and that subsequently became the subject of state forfeiture proceedings. Defendants have moved for summary judgment, and plaintiff has filed a cross-motion for summary judgment. For the reasons stated below, the motion of the defendants is granted.

### FACTS

The material facts of this action are not in dispute. Plaintiff Evelyn Leyh was arrested by New York City Police Officer Brian Costello on June 9, 1989 for criminal possession of a controlled substance under Section 220.03 of the New York Penal Law. At the time of her arrest, plaintiff was driving a 1989 Chevrolet, which she had recently purchased; Ralph Messinetti, her companion in the automobile, was also arrested by Officer Costello. The police seized plaintiff's car and consigned it to the custody of the Property Clerk of the New York City Police Department ("the Property Clerk"). She was issued a voucher for

the automobile; the back of the voucher detailed the procedures for plaintiff to regain possession of the car.

The Queens District Attorney declined to prosecute plaintiff, and she was never formally charged in a criminal complaint. A release issued to her by the District Attorney indicated that her car was not needed for any prosecution. On June 15, 1989, plaintiff made a formal demand for the return of her car, and this demand was refused; on June 21, 1989, the Property Clerk began a forfeiture proceeding in the New York State Supreme Court, New York County, against the plaintiff for her automobile.

Plaintiff thereupon filed this action on September 29, 1989, and she has alleged: (1) that the seizure and detention of her automobile deny her the right to a presumption of innocence and constitute a deprivation of property without due process of law, complaint ¶¶ 25–26; (2) that the forfeiture provision of the New York City Administrative Code ("the Administrative Code") constitutes a bill of attainder, complaint ¶ 26; and (3) that the forfeiture proceedings brought by the Property Clerk constitute malicious prosecution, complaint ¶ 22. Her prayer for relief includes: (1) the return of her automobile; (2) a declaration that the retention of her vehicle is unlawful; (3) an injunction against the defendants' prosecution of the forfeiture proceedings; and (4) damages in the amount of $100,000.00.

On May 16, 1991, the New York State Supreme Court, per Toker, J.S.C., issued a decision in the forfeiture proceedings in favor of plaintiff Leyh. The present motion by the defendants for summary judgment was pending before this decision of the State Supreme Court.

## DISCUSSION

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment shall be rendered if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In the instant matter, there is indeed no dispute as to any of the material facts; each party has alleged a statement of the relevant events underlying this action that does not differ from the statement of facts presented above.[1] Hence, the first prerequisite for summary judgment is satisfied here.

So too is the second requirement of Rule 56(c) satisfied: the defendants in this action are entitled to judgment as a matter of law. As a threshold matter, it should be noted that the first three of plaintiff's demands for judgment (declaration that she is entitled to immediate possession of her car; declaration that the defendants' custody and retention of the car is unlawful and improper; and injunction against the defendants' prosecution of the civil forfeiture proceedings in state court) may well have been rendered moot by the decision in the state forfeiture proceedings in favor of the plaintiff. *See, e.g., People of State of New York by Abrams v. Seneci*, 817 F.2d 1015, 1017 (2d Cir.1987) ("By granting the Attorney General an order enjoining the defendants at any time in the future from engaging in fraudulent practices, the Supreme Court of New York has given the Attorney General *all of the injunctive relief requested in the present case*. We affirm, therefore, the dismissal of that part of the

---

1. It should be noted that, although the defendants have presented a statement of facts pursuant to Rule 3(g) of the local rules for the courts of the Eastern and Southern Districts of New York, plaintiff has not filed a statement of facts clearly demarcated as such a 3(g) statement. Rather, she has simply included a statement of facts in the affirmation of her attorney, Shirley Kellner Kay, submitted in support of her cross-motion for summary judgment. The appropriate sanction against plaintiff for failing to file a 3(g) statement is, under the Rule, deemed admission of the facts as presented by defendants.

*See Dusanenko v. Maloney*, 726 F.2d 82, 84 (2d Cir.1984) ("Nor did plaintiffs serve any statement pursuant to Local Rule 3(g) to set forth any material fact as to which they contended a genuine issue remained to be tried. Consequently, the facts set forth in defendants' Rule 3(g) statement were properly deemed admitted."). However, because the facts as alleged by plaintiff in the affirmation of her attorney do not present any genuine issue as to any material fact, imposing this sanction would prove superfluous.

complaint that seeks injunctive relief on the grounds that it is moot." (emphasis added)). The relief sought by the plaintiff with respect to the return of her vehicle has, apparently, already been granted to her; for this court to inquire into the matter of the ownership of the automobile would be to duplicate the proceedings possibly terminated in the New York State Supreme Court.[2]

However, despite plaintiff's prayer for relief, this federal action is not for replevin, and her constitutional claims, as well as her malicious prosecution claim, have not been rendered moot by the resolution of the forfeiture matter. Thus, it is proper for this court to rule on her allegations that she has been denied her presumption of innocence and deprived of property without due process of law, that the forfeiture provision of the Administrative Code constitutes a bill of attainder, and that the forfeiture proceedings brought by the Property Clerk constitute malicious prosecution.

### 1. The Due Process Claim

■ Although plaintiff does not clearly demarcate it as such, it appears clear that her claim of deprivation of property without due process of law is brought under 42 U.S.C. § 1983. She alleges that the defendants violated her "most basic right to a presumption of innocence by the retention of her motor vehicle without due process of law and without cause or legal justification." Complaint at ¶ 20. Her claim that her right to a presumption of innocence has been violated is opaque at best: She was never charged with the commission of any crime, and she was never tried in any criminal proceeding; furthermore, the judicial proceedings which were brought against her—those of civil forfeiture in the state court—place the burden of proof on the Property Clerk. *Property Clerk v. Hyne,* 147 Misc.2d 774, 557 N.Y.S.2d 244, 245 (N.Y.Cty.1990), *aff'd,* 171 A.D.2d 506, 567 N.Y.S.2d 603 (1st Dept.1991) ("Property Clerk, and not the claimant ... bear[s] the

burden of proving 'by a preponderance of the evidence that the State is legally justified' in retaining the property." (quoting *McClendon v. Rosetti,* CV–70–3851, unpublished order of Judge Lasker, (S.D.N.Y. July 15, 1974))). It appears that plaintiff equates the retention of her automobile by the defendants during the initiation and the prosecution of the forfeiture action with a criminal proceeding—rather than with a provisional civil remedy. This court has found no case, nor does plaintiff cite any, to support this novel proposition.

■ Further, to the extent that plaintiff makes out a claim that she has been deprived of property without due process of law independently of her "presumption of innocence" claim, her argument fails as a matter of law. The procedures followed by the Property Clerk in this and in similar forfeiture matters are directly pursuant to an unpublished order issued by Judge Lasker on July 15, 1974. Prior to his order, New York City Administrative Code Section 435–4.0 placed the burden of initiating recovery proceedings, as well as the burden of proof in such proceedings, upon the claimant; the Second Circuit declared those procedures unconstitutional in *McClendon v. Rosetti,* 460 F.2d 111 (2d Cir.1972). On remand, Judge Lasker issued an order that sets forth the procedures to be followed by the Property Clerk in such matters: the claimant is to be given a voucher for the retained property; the backside of the voucher must detail the manner by which the claimant may make a demand for the return of the property; such demand must be made within 90 days of either the termination of criminal proceedings against the claimant or within 90 days of a release obtained from the district attorney (whichever is earlier); upon receipt of such a timely demand for return of retained property, the Property Clerk must, within ten days, either return the property or initiate a judicial forfeiture proceeding; and, in the absence of such a timely demand, the Property Clerk may dispose of the property. After Judge Lasker's

---

**2.** At oral argument on this motion, defendants indicated that an appeal may yet be taken from the order of the state court; thus, it is not clear whether or not those proceedings have been terminated.

*McClendon* order was issued, Administrative Code Section 435–4.0 was renumbered to Section 14–140; however, it was never substantively changed to reflect the procedures imposed by Judge Lasker's *McClendon* order. Nonetheless, the actions of the Property Clerk in the present case are directly pursuant to the procedures set forth by Judge Lasker—not to the procedures set forth in Administrative Code Section 14–140.

The Second Circuit has had occasion to review the substance of Judge Lasker's order, and the court declared it to be "constitutionally valid." *Butler v. Castro*, 896 F.2d 698, 699 (2d Cir.1990). Although the court there found that the procedures—*as followed in that case*—deprived the plaintiff of an adequate state remedy for his deprivation of property, it is significant that the plaintiff in *Butler* had *not* been issued a voucher by the Property Clerk and he therefore had no notice of the procedures through which to demand return of his property. As the court noted: "[A]part from the voucher, the only public notice of procedures to recover property [i.e. Administrative Code Section 14–140] is entirely misleading." *Butler*, 896 F.2d at 703. The Second Circuit did not, however, invalidate the procedures set forth by Judge Lasker in his *McClendon* order; rather, the court held that "the failure to eliminate the obsolete provisions from the Code *and* to publicize the actual procedures to be followed deprived Butler of an adequate state remedy." *Id.* (emphasis added). The court concluded that "the harm [the plaintiff] has suffered is the result of an established procedure of misinforming claimants who do not receive notice by voucher of the prevailing procedures for recovery." *Id.* at 704.

The *Butler* court thus did not declare the procedures set forth by Judge Lasker to be per se unconstitutional; it merely found that failure to follow these procedures (by failure to issue a voucher to the claimant), coupled with the obsolete provisions of the Administrative Code, constituted a constitutional violation. However, the plaintiff in the present case does not dispute that she was issued a voucher for her automobile or that the Property Clerk has followed the *McClendon* procedures in its handling of this matter; hence, her position is fundamentally different from that of the plaintiff in *Butler*, and that case is, accordingly, distinguishable. Her complaint is thus that the procedures are facially unconstitutional in that they deprive her of her rights to a presumption of innocence and to due process of law. As noted above, the "presumption of innocence" is inapplicable to a non-criminal proceeding such as the civil forfeiture action—particularly in that the burden of initiating the forfeiture proceedings, as well as the burden of proof in those proceedings, is on the Property Clerk. *Hyne*, 557 N.Y.S.2d at 245. Further, to find that these procedures otherwise violate due process of law would be to overturn Judge Lasker's seventeen-year-old order—an order which has been scrutinized by the Second Circuit and declared to be "constitutionally valid." The opinion of the Second Circuit in *Butler* is binding upon this court; and plaintiff has not cited any other authority, or presented any other theory, to support the invalidation of those procedures as otherwise unconstitutional. Hence, the defendants are entitled to summary judgment on the plaintiff's claim of deprivation of property without due process of law.

## 2. The Bill of Attainder Claim

 Plaintiff's claim that Administrative Code Section 14–140 constitutes a bill of attainder is spurious, and defendants are entitled to summary judgment on that question.[3] The Supreme Court has defined a "bill of attainder" as "a law that legislatively determines guilt and inflicts punish-

**3.** Under a rigorous analysis, the bill of attainder claim is incongruous insofar as Section 14–140 of the Administrative Code does not contain the procedures applicable to an action such as this and insofar as the relevant procedures are *judicial*—not *legislative*—in their source. For the sake of the plaintiff's argument, however, it is assumed that the Property Clerk follows the procedures of the *McClendon* order as though they were set forth in Section 14–140 and that, accordingly, those procedures may be treated as though they are legislative in source.

ment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of General Services*, 433 U.S. 425, 468, 97 S.Ct. 2777, 2803, 53 L.Ed.2d 867 (1977) (holding Presidential Recordings and Materials Preservation Act not to be bill of attainder). Inherent in this definition are the three conjunctive requirements that a bill of attainder: (1) specify the affected persons; (2) inflict punishment; *and* (3) fail to provide for a judicial trial. *Selective Service v. Minnesota Public Interest Research Group*, 468 U.S. 841, 847, 104 S.Ct. 3348, 3352, 82 L.Ed.2d 632 (1984) (holding that denial of federal financial aid to male students who fail to register for draft does not constitute bill of attainder).

Section 14–140 of the Administrative Code lacks the first of these requirements.[4] The specification element requires that the law in question single out an individual "whether the individual is called by name or described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons." *Communist Party of United States v. Subversive Activities Control Board*, 367 U.S. 1, 86, 81 S.Ct. 1357, 1405, 6 L.Ed.2d 625 (1961). Section 14–140 does not designate plaintiff by name—nor does the *McClendon* order of Judge Lasker; further, Section 14–140 and the order of Judge Lasker are not retrospective; they apply only to *future* conduct—that is, the future acts of being arrested and having one's property taken away by the City of New York—rather than to past conduct. The procedures thus fail to describe past conduct which in turn "operates only as a designation of particular persons." Thus, the procedures fail to satisfy the specification requirement of a bill of attainder and therefore *cannot* constitute a bill of attainder. The defendants are entitled to summary judgment on this claim.

### 3. *The Malicious Prosecution Claim*

■ The elements for an action for malicious prosecution under New York law are as follows: (1) the commencement and continuance of a proceeding by the defendant against the plaintiff; (2) termination of that proceeding in favor of the plaintiff; (3) the absence of probable cause for the proceeding; and (4) actual malice. *Colon v. New York*, 60 N.Y.2d 78, 468 N.Y.S.2d 453, 455 N.E.2d 1248 (1983). Furthermore, if the proceeding complained of was a civil action, the plaintiff must have been harmed, in either person or property, by a provisional remedy such as attachment. *Ellman v. McCarty*, 70 A.D.2d 150, 420 N.Y.S.2d 237 (2d Dept.1979).

■ Regardless of whether or not the plaintiff here has a viable action for malicious prosecution against the Property Clerk, the claim should be dismissed pursuant to 28 U.S.C. § 1367(c)(3). Under 28 U.S.C. § 1367(a), a federal district court that has original jurisdiction over a claim in an action also has "supplemental jurisdiction" over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." However, 28 U.S.C. § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...." Here, the malicious prosecution claim of the plaintiff—founded as it is on state law and brought against non-diverse defendants—comes within the supplemental jurisdiction of this court. However, the defendants in this action are entitled to summary judgment on the constitutional claims of the plaintiff; thus, only the state law claim would be left for adjudication. As such, the matter should be relegated to the state court.

This result is consistent with the decision of the Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), in which the Court outlined the parameters of what was then known as "pendent jurisdic-

---

**4.** Because the first is absent, it is entirely unnecessary for this court to consider the remaining two requirements; accordingly, no opinion is expressed as to whether the forfeiture procedures either inflict punishment or fail to provide for the protections of a judicial trial.

tion". *Gibbs,* which mandated that federal courts have the *power* to hear pendent state law claims, also recognized that "the issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation. Pretrial procedures or even the trial itself may reveal a substantial hegemony of state law claims...." *Gibbs,* 383 U.S. at 727, 86 S.Ct. at 1139. The Second Circuit has read this part of *Gibbs* to be non-discretionary: "Even if the federal claims are discovered to be patently meritless only after the trial begins, once that discovery is made the state claims *must* be dismissed along with the federal ones." *Dunton v. County of Suffolk,* 729 F.2d 903, 910–911 (2d Cir.1984) (emphasis added). Such a point of "substantial hegemony of [plaintiff's] state law claim[ ]" has been reached in this matter: Because the defendants are entitled to judgment on the due process and bill of attainder questions, only plaintiff's malicious prosecution claim remains for decision. Hence, under 28 U.S.C. § 1367, under *Gibbs,* and under *Dunton,* the claim for malicious prosecution is dismissed.

For the foregoing reasons, the defendants are granted summary judgment on the plaintiff's due process and bill of attainder claims, and the plaintiff's malicious prosecution claim is dismissed.

SO ORDERED.