Leslie RICHARDSON, Plaintiff,

v.

**CITY OF NEW YORK and the New York City Police Department, Defendants.**

**No. 00 CV 6732 NG MDG.**

United States District Court, E.D. New York.

Sept. 25, 2003.

Warren Randolph Kraft, for plaintiff.

Kevin Dantzler, Orrit Hershkovitz, for defendants.

### MEMORANDUM AND ORDER

GERSHON, District Judge.

Plaintiff, Leslie Richardson, is a former employee of the New York City Police Department (the "NYPD" and, together with the City of New York, the "Defendants"). Plaintiff brings this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–1 *et seq.*, 42 U.S.C. § 1981, and the New York City Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, claiming that, while employed by the NYPD she was sexually harassed and that she was terminated in retaliation for having filed a prior harassment lawsuit. Plaintiff withdrew all of her sexual harassment claims on April 12, 2002. On October 24, 2002, defendants submitted their motion for summary judgment, pursuant to Rule 56 of the Fed.R.Civ.P., on plaintiff's remaining claims. Despite repeated extensions of time to respond to the motion, plaintiff, who is represented by counsel, has not submitted any opposition to defendant's motion.

Defendants claim that plaintiff's claims arising prior to July 15, 1999 are time-barred, that plaintiff fails to establish a claim of retaliation, that the NYPD is not a sueable entity, and that plaintiff's claims are barred by a general release.

■ As a preliminary matter, the NYPD is not a legally sueable entity pursuant to Section 3986 of the New York City Charter. Agencies of the City of New York are not subject to suit and cannot be held independently liable for claims against them. *See Williams v. New York City Police Department*, 930 F.Supp. 49, 53 (S.D.N.Y.1996). Accordingly, all claims against the NYPD are dismissed.

■ All of the retaliatory acts (except for plaintiff's termination) that form the basis of plaintiff's claims are time-barred. Title VII requires claimants to file a discrimination charge with the EEOC within 300 days of the alleged unlawful employment action. *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322 (2d Cir.1999). If a plaintiff's claims are not brought within 300 days, plaintiff is barred from commencing a Title VII action as to those claims. *Butts v. City of New York Department of Housing Preservation and Development*, 990 F.2d 1397, 1401 (2d Cir.1993). Additionally, the Supreme Court has recently held that the continuing violation doctrine does not permit untimely claims for discrete acts, as opposed to hostile work environment claims, even where they are related to a timely claim. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 106–115, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Here, plaintiff filed an EEOC charge on May 10, 2000. All of the allegedly retaliatory acts, except for the termination, occurred prior to July 15, 1999. As these acts fall outside the 300 day limitation period, all of plaintiff's claims except for her retaliation claim are time-barred.

■ To establish a *prima facie* case of retaliation under Title VII a plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *McMenemy v. City of Rochester*, 241 F.3d 279 (2d Cir. 2001). Even assuming plaintiff has established a *prima facie* case of retaliation, the defendants have raised a non-pretextural reason for her termination, namely, plaintiff's woeful employment record.

■ Plaintiff, in her abbreviated tour of duty with the NYPD, pled guilty to twelve departmental infractions which included, *inter alia*, failing to provide the NYPD with her address and phone number, wrongfully placing herself on sick leave, failing to report to work, providing false information on a car insurance application, and refusing to submit for drug tests. Plaintiff presents nothing more than an unsubstantiated and speculative allegation that she was terminated because she filed a prior lawsuit. Plaintiff presents no evidence of similarly situated employees who engaged in the same type of departmental misconduct but did not receive departmental charges. Further, plaintiff cannot establish that retaliatory animus was a contributing factor in her termination. Although a retaliatory motive need only be a substantial factor behind the adverse action to survive a summary judgment motion, *see Raniola v. Bratton*, 243 F.3d 610, 624–625 (2d Cir.2001), plaintiff has not adduced any facts to support such a

claim. Accordingly, even if her claim is treated as sufficient to establish a *prima facie* case, she has failed to adduce facts upon which a reasonable jury could find that she was fired in retaliation for her decision to file a prior lawsuit.

■ As plaintiff's retaliation claims under the New York Human Rights Law are direct analogues to those she made under Title VII they will also be dismissed. New York courts have adopted the federal standards for retaliation claims. *See Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1177 (2d Cir.1996). As plaintiff's claims are insufficient to support a Title VII retaliation claim, her retaliation claims under the New York Human Rights Law must also be dismissed as a matter of law.

Defendant's motion for summary judgment is granted as to plaintiff's entire complaint. The Clerk of Court is directed to enter judgment for defendant.

**SO ORDERED.**