OPINION OF THE COURT
Eugene Oliver, Jr., J.
The defendant is charged with patronizing a prostitute in the fourth degree (Penal Law § 230.03). He now moves for an *317 order dismissing the charge on the ground that to further proceed against him would violate his rights under the Fifth and Eighth Amendments of the United States Constitution and under article I, § 5 of the New York State Constitution.
Defendant was arrested on December 15, 1992 at approximately 9:20 p.m. near the corner of 179th Street and Devoe Avenue in the Bronx and charged with a violation of Penal Law § 230.03. At the time of the arrest, the arresting officers seized and impounded his automobile and thereafter initiated a forfeiture proceeding, pursuant to Administrative Code of the City of New York § 14-140. On February 22, 1993, the defendant agreed to a settlement for the return of the vehicle and paid $1,000 to the property clerk of the New York City Police Department.
The defendant contends that the $1,000 he had to pay for the return of his vehicle plus the period of time he was without the use of his vehicle, which he values at an additional $4,250, constitutes an excessive fine for a class B misdemeanor. The defendant further contends that if the criminal case is prosecuted, he will be subjected to double jeopardy, because the civil settlement was so harsh as to be actually punishment.
The People argue in response that the forfeiture is a civil proceeding and that the criminal court does not have the authority to intervene in a civil matter and that furthermore, the fine imposed in the civil matter is irrelevant to the possible outcome and fine related to the criminal charge.
Administrative Code § 14-140 (b) provides that the property clerk may take possession of all property suspected of having been used as a means of committing a crime. A forfeiture under the Administrative Code is a constitutionally valid exercise of the power to impose a civil as opposed to a criminal sanction (see, Property Clerk, N Y. City Police Dept. v Hyne, 147 Misc 2d 774, affd 171 AD2d 506).
The statute serves remedial purposes, including the reduction of criminal activity by depriving the offender of the means to commit crimes. In addition, revenue is generated and applied to the cost of law enforcement. Since forfeiture is a civil proceeding, the property clerk need only prove by a preponderance of the evidence that the property is subject to forfeiture. Because of the differing degrees of proof, even a criminal acquittal would not necessarily prevent a subsequent forfeiture under the Code. (See, Matter of Property Clerk of *318 N. Y. City Police Dept. v Ferris, 77 NY2d 428; Property Clerk of N. Y. City Police Dept. v Hurlston, 104 AD2d 312, 313; Property Clerk of N. Y. City Police Dept. v Conca, 148 AD2d 301, 302.)
The $1,000* the defendant has paid in settlement of the forfeitures is a civil matter and as such, defendant’s claim should be addressed in a civil forum. The criminal court does not have authority to intervene in the civil matter regarding civil forfeiture proceedings pursuant to Administrative Code § 14-140 (see, Matter of Property Clerk of N. Y. City Police Dept. v Ferris, 77 NY2d 428, 431 [1991], supra).
Defendant’s double jeopardy argument is also without merit in the instant case. To support his argument defendant cites United States v Certain Real Prop. & Premises Known as 38 Whalers Cove Dr. (954 F2d 29 [2d Cir 1992]) which held that forfeitures that are overwhelmingly disproportionate to the value of the offense must be classified as punishment unless the forfeitures are shown to serve an articulated civil purpose.
Proceeding on the assumption the money he paid in settlement of the forfeiture was in reality punishment, defendant claims that a further criminal prosecution would subject him to double jeopardy. Although the defendant acknowledges that in Whalers Cove (supra), the court found that the double jeopardy issue was not applicable since there were dual sovereignties (State and Federal), the defendant contends that double jeopardy would apply in the instant case since both the forfeiture proceeding and the criminal proceeding are both State actions.
However, the instant case can be distinguished from Whalers Cove (supra) on other significant grounds also. Specifically, in the instant case, the $1,000 that the defendant agreed to pay to settle the forfeiture is not so overwhelmingly disproportionate to the offense charged. Patronizing a prostitute in the fourth degree, a class B misdemeanor is punishable by up to 3 months in jail and a $500 fine. In Property Clerk, N. Y. City Police Dept. v Small (153 Misc 2d 673 [Sup Ct, Bronx County [1992]), the court found that a forfeiture of an automobile, valued at $550 to $750 based upon an arrest for the same class B misdemeanor as the instant case was not excessive. In comparison, in Whalers Cove a condominium apartment in which the owner had $68,000 in equity was forfeited. The owner had sold *319 2 Vi grams of cocaine, but pleaded guilty to attempted sale of a controlled substance and was subjected to probation and a small fine. In the instant case, the court does not view defendant’s settlement as so disproportionate as to constitute criminal punishment and thus no double jeopardy violation applies.
Accordingly, defendant’s motion to dismiss the charge, patronizing a prostitute in the fourth degree on the grounds that to further proceed would violate the defendant’s rights under the Fifth and Eighth Amendments of the United States Constitution and under article I, § 5 of the New York State Constitution, is denied.

 The court finds the $4,250 the defendant adds onto this amount too arbitrary to even consider.