OPINION OF THE COURT
Per Curiam.
Final judgment entered September 16, 1992 affirmed, with $25 costs.
In this illegal use eviction proceeding, the trial court found that tenant’s apartment was being used for an illegal purpose (RPAPL 711 [5]) and awarded a possessory final judgment in favor of the landlord, the City of New York. Tenant had earlier pleaded guilty to attempted possession of a controlled substance in the third degree (a felony), following the seizure of 35 jumbo vials of crack/cocaine, drug paraphernalia, cash, a gun and ammunition from the subject apartment, and was sentenced to five years’ probation. Tenant now appeals solely upon the ground that her eviction constituted multiple punishment for the same misconduct in violation of the Double Jeopardy Clauses of the Constitutions of the United States (US Const Fifth Amend) and New York State (NY Const, art I, § 6). Tenant does not challenge the sufficiency of proof or underlying merits regarding her eviction. We affirm.
The court below properly determined that tenant’s eviction was not barred by her double jeopardy defense. The eviction in the case at bar is purely remedial in nature and not designed for retributive or deterrent purposes, nor related to the goal of compensating the government for its investigation and enforcement expenses (see generally, United States v Halper, 490 US 435, 448-450 [1989]). The underlying possessory judgment, available to the City of New York in its proprietary capacity as a landlord as well as to private landlords, is not a form of punishment. Rather, tenant’s eviction from the premises under the statute (RPAPL 711 [5]) clearly was intended to protect the health, welfare and safety of the public residing in the same community as well as the tenants *574 who reside in the same building (see generally, Matter of Gibson v Blackburne, 201 AD2d 379) and thus served a legitimate civil and remedial purpose.
The dissent’s application of United States v Halper (supra) to this proceeding is misplaced. In Halper, the defendant, after his conviction on 65 counts of criminal false claims, for which he was sentenced to two years’ imprisonment and a $5,000 fine, was sued civilly under the Civil False Claims Act. In the civil action the Government sought to extract a total penalty of $130,000 representing a penalty of $2,000 for each of the 65 claims which the District Court found bore no rational relation to the Government’s actual loss of $585. In affirming, the Supreme Court held "[i]n this case, we consider whether and under what circumstances a civil penalty may constitute ‘punishment’ for the purpose of double jeopardy analysis” (supra, at 436).
"We therefore hold that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution * * *
"What we announce now is a rule for the rare case, the case such as the one before us, where a fixed-penalty provision subjects a prolific but small-gouge offender to a sanction overwhelmingly disproportionate to the damages he has caused” (supra, at 448-449).
Unlike Halper (supra), this is not one of those "rare cases” where the civil remedy is "overwhelmingly disproportionate” to the tenant’s conduct so as to constitute punishment for purposes of invoking double jeopardy protections (see generally, United States v Certain Real Prop. & Premises Known as 38 Whalers Cove Dr., 954 F2d 29 [2d Cir 1992], cert denied sub nom. Levin v United States, — US —, 113 S Ct 55 [1992] [affirming in rem forfeiture of ownership of residential condominium used in drug transactions]; People v Milone, 158 Misc 2d 316, 318). The City of New York, as landlord, did not seek to extract a penalty from or confiscate property belonging to the tenant, but instead invoked the appropriate statutory means to regain possession of premises used, as in this case, for illegal purposes. Even were we dealing with a civil forfeiture action, which we are not, tenant has failed to show by the "clearest proof’ that the procedure utilized herein is so *575 punitive in effect as to negate its remedial purpose (see, Property Clerk, N. Y. City Police Dept. v Hyne, 147 Misc 2d 774, affd 171 AD2d 506).
In attempting to demonstrate that little or no remedial purpose was served by the eviction, the dissent relies upon affidavits of three of tenant’s neighbors who aver that tenant’s continued presence would not constitute a threat to their safety. These papers are not part of the appellate record and should not be considered on appeal. In any event, the perceptions of other tenants as to the future conduct of tenant herein is not germane to this proceeding, which is premised upon tenant’s prior unlawful behavior.
Finally, we simply observe that the sovereign should not be precluded from seeking drug-related evictions from City-owned buildings or projects because there has been a prior successful criminal prosecution and sentence arising out of the same conduct. The rule against multiple punishments for the same offense is not implicated in the circumstances presented, and does not require that the City forfeit its civil possessory remedy.