■ CITY OF NEW YORK, Respondent, v VALERIE WRIGHT, Appellant. [636 NYS2d 33] —Order of the Appellate Term of the Supreme Court, First Department (Parness, J. P., and McCooe, J.; Glen, J., dissenting), entered August 10, 1994, which affirmed a judgment of the Civil Court of the City of New York, New York County (Howard Malatzky, J.), entered on or about October 22, 1992, evicting the respondent from her City-owned apartment, unanimously affirmed, without costs.

This illegal-use eviction proceeding was brought by the City, as landlord, against the respondent pursuant to RPAPL 711 (5), based upon a prior seizure of 35 jumbo vials of crack cocaine, drug paraphernalia, cash, and a gun from the subject apartment. The respondent had been arrested in the apart-

ment at the time of the seizure, and after pleading guilty to attempted possession of a controlled substance in the third degree, was sentenced to five years probation. The respondent does not challenge the merits of the proceeding, but argues that evicting her based upon a criminal offense for which she was prosecuted and sanctioned constitutes a second punishment, in violation of the principle of double jeopardy.

Both the trial court and the Appellate Term properly concluded that the respondent's eviction did not violate the Double Jeopardy Clause of either the State or Federal Constitution (US Const Fifth Amend; NY Const, art I, § 6). Under the Federal Double Jeopardy clause, "a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as deterrent or retribution" (*United States v Halper*, 490 US 435, 448-449). It is the purpose, not the impact of the civil sanction that is determinative: "This is not to say that whether a sanction constitutes punishment must be determined from the defendant's perspective. On the contrary, our cases have acknowledged that for the defendant even remedial sanctions carry the sting of punishment. * * * Rather, we hold merely that in determining whether a particular civil sanction constitutes criminal punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated." *(Supra,* at 447, n 7.)

RPAPL 711 (5) is a civil possessory remedy which was enacted to protect other tenants from those who engage in, or allow their apartment to be used for, illegal trade or business, and its application here by the City, in its proprietary interest as landlord, does not implicate double jeopardy principles. The possessory remedy is also available to private landlords. In addition, under RPAPL 715 (1), an owner or tenant of a dwelling within two hundred feet of the apartment used in illegal trade or business can demand that the landlord bring an eviction proceeding pursuant to RPAPL 711 (5). If the landlord fails to do so, the neighboring tenant or owner can then maintain an action himself, naming the tenant and landlord as respondents.

Because the statutory intent of RPAPL 711 (5) is to protect the health, safety and welfare of the other tenants, as well as the nearby community from the dangers and social evils that follow the drug trade, and the application of the section here does not create the rare situation where a civil remedy is so "overwhelmingly disproportionate" to the tenant's conduct so

as to constitute punishment for purposes of invoking double jeopardy protection (*United States v Halper, supra,* at 449; *see also, United States v Certain Real Prop. & Premises Known as 38 Whalers Cove Dr.,* 954 F2d 29, *cert denied sub nom. Levin v United States,* 506 US 815), the order appealed is affirmed. Concur—Rosenberger, J. P., Ellerin, Rubin, Asch and Nardelli, JJ. *[See,* 162 Misc 2d 572.]