*709 OPINION OF THE COURT
Paul L. Alpert, J.
The respondent moves pursuant to CPLR 3211 (a) (5) to dismiss the instant illegal use proceeding as time-barred. This is a drug holdover proceeding to evict the respondent from her apartment located at 1458 Webster Avenue.
On August 13, 2002, the New York Police Department armed with a search warrant raided the respondent’s home, and according to the petition discovered a large quantity of cocaine, marijuana, drug paraphernalia and weapons. A holdover proceeding brought pursuant to RPAPL 711 and 715 (5) and Real Property Law § 231 was commenced on or about November 17, 2004, some 27 months after narcotics were discovered in the apartment.
The respondent moves to dismiss the proceeding as time-barred. Respondent argues that this proceeding is governed by a one-year statute of limitations as set forth in CPLR 215 (4). This section provides for a one-year limitation on actions “to enforce a penalty or forfeiture created by statute and given wholly or partly to any person who will prosecute.” The respondent claims that the petitioner’s failure to commence this proceeding within one year after drugs were discovered in the premises is fatal to petitioner’s attempt to gain possession.
In opposition, .the petitioner makes several arguments. First, the petitioner contends that the lease was rendered void once illegal drugs were discovered in the premises. Thus, the termination of her lease did not amount to a forfeiture as that term is utilized under CPLR 215 (4). Forfeiture, according to the petitioner, applies only where the property sought to be recovered constitutes the proceeds of a crime.
Second, the petitioner contends that, if there is an applicable statutory period to be applied here, it is six years as contemplated under CPLR 213. This argument is predicated on the belief that there is no other statutory time frame which applies, or in the alternative that the acts complained of in the petition amount to a breach of contract.
Finally, the petitioner contends that, if CPLR 215 (4) applies, then a three-year statute of limitations is mandated by that statute. Under the applicable section of the statute, where a private individual fails to commence an action within one year, the District Attorney or Attorney General may commence an action within three years after commission of the offense. *710 Petitioner argues that, because the instant proceeding was commenced at the behest of the District Attorney’s Office, it steps into the shoes of the District Attorney and is, therefore, entitled to the three-year statutory time frame. The petitioner states that a demand was made on November 21, 2003 by the District Attorney to commence this action.
Apparently, this case presents an issue of first impression. Neither party cites any case to directly support its position and the court in its own research could find no precedent which establishes a statue of limitations for cases brought pursuant to RPAPL 711, 715 (5) or Real Property Law § 231.
In applying a statue of limitations, courts have been instructed to “look for the reality, and essence of the action and not its mere name” (Goldberg v Sitomer, Sitomer, & Porges, 97 AD2d 114, 117 [1983]; Westminister Props. v Kass, 163 Misc 2d 773 [1995]). As both parties seemingly agree that a statutory time period applies in commencing a proceeding for the illegal use of a residence; it is for the court to determine the appropriate statute of limitations to be applied.
At the outset, the court rejects the petitioner’s argument that the six-year statute of limitations applies to sue respondent, because the behavior alleged amounts to a breach of contract. This proceeding is not brought to remedy a breach of lease, but is predicated upon violation of a statute. Thus, it is not contractual in nature.
In the alternative, the petitioner contends that because the applicable statutes are silent with respect to any time limit within which to sue, CPLR 213 should be triggered to set a six-year statute of limitations. CPLR 213 (1) provides that a six-year statute of limitations applies in any “action for which no limitation is specifically prescribed by law.” The court rejects this argument as well. Most statutes do not contain specific statutory limitation provisions within them and it is for the court to decide, based on the nature of the proceeding, the appropriate time limit to apply.
This court believes that the instant proceeding falls squarely within the confines of CPLR 215 (4). Because this proceeding involves the forfeiture of a leasehold pursuant to a statute, the provisions of CPLR 215 (4) are invoked. In case after case, courts refer to summary holdover proceedings as amounting to a forfeiture of a leasehold (see e.g Sharp v Norwood, 223 AD2d 6 [1996]; Harar Realty Corp. v Michlin & Hill, 86 AD2d 182 [1982]).
*711 The petitioner argues that the one-year statute of limitations under CPLR 215 (4) was intended to be utilized in forfeiture proceedings involving property obtained from the proceeds of a crime. Since the tenant’s occupancy in the premises does not arise as the result of the proceeds from a crime, she may not rely on the one-year statute of limitations. This argument bears little weight. First, the petitioner provides no statute or precedent to support this contention. Moreover, because this case clearly involves a forfeiture, there is no reason why CPLR 215 was solely intended to cover forfeiture proceedings brought under CPLR article 13.
Indeed, a close reading of CPLR 1311 alludes to a forfeiture of a leasehold estate. CPLR 1311 (1) provides that a civil action may be commenced against a “non-criminal defendant to recover property [constituting] the proceeds of a crime, or the real property instrumentality of a crime.” An action brought under this statute must be commenced within five years of the offense. It can be inferred therefore that forfeiture, as the term is used in CPLR 215 (4), does not apply to proceedings brought under CPLR 1310 et seq., since the statute itself contains its own statute of limitations. The petitioner’s argument that forfeiture under the CPLR is limited only to cases involving recovery of property which has been obtained by the sale of proceeds of a crime is without merit. Clearly, CPLR 215 (4) contemplates a forfeiture or penalty other than as defined in CPLR article 13.
Under Real Property Law § 231, where an occupant or lessee of any building or premises uses any part of the residence for illegal purposes, the lease becomes void by operation of law. Courts have interpreted this section to infer that the lease is voidable at the option of the landlord, and possession may only be recovered where the landlord commences a special proceeding (220 W. 42 Assoc. v Cohen, 60 Misc 2d 983 [App Term, 1st Dept 1969]). However, Real Property Law § 231 does not create a cause of action to evict a tenant. To evict a tenant a landlord must rely upon the provisions of RPAPL 711 (5) and 715 (1). RPAPL 711 (5) is the so-called “bawdy house” statute, and specifically permits a landlord to terminate a tenancy, where the premises are used as a bawdy house, or house or place of assignation for lewd persons, or for the purpose of prostitution, or for an illegal trade or manufacture or other illegal business. Under RPAPL 715 the Legislature empowered “other interested parties” to commence a special proceeding in a building where *712 illegal activity occurs. Thus, a fellow tenant as well as the District Attorney’s Office may commence a proceeding to evict a tenant where the landlord fails to do so. Before such action is commenced, the party is required to serve a five-day notice on the landlord to compel the landlord to initiate a proceeding.
As stated, there are no cases which deal directly on point with the issue of the statute of limitations to be applied in illegal use proceedings. One court has held that a tenant may not rely on the equitable doctrine of laches to preclude a landlord from maintaining a summary proceeding to evict for illegal use of the premises. In Hudsonview Co. v Jenkins (169 Misc 2d 389, 396 [1996]), the court held that laches is “conceptually inapplicable as a defense to an illegal use proceeding.” This court believes that the court’s analysis in Hudsonview is correct. The doctrine of laches should not apply to an illegal use proceeding, as the passage of time only benefits the tenant and is not necessarily prejudicial. The issue to be determined at trial in an illegal use proceeding is whether the tenant engaged in or acquiesced in the illegal use of the premises. If found to be true then the lease must be declared effectively terminated on the date such activity was discovered. Mere passage of time does not alter the result and tenants may not avail themselves with a claim of laches to defeat the petition.
In the instant case, this court is asked to apply a one-year statute of limitations to any action commenced under RPAPL 711 (5) and 715 (1). This court believes that a one-year statute of limitations is applicable in any proceeding brought by a landlord to evict a tenant for illegal use. The court notes that, unlike the vast majority of holdover proceedings commenced, a “cause of action” for illegal use is derived from a breach of statute as opposed to a breach of lease. Indeed the instant proceeding was brought, in part, as a statutory violation derived under Real Property Law § 231. While that section does not create the cause of action, it is the impetus to commence a proceeding under the RPAPL. Since the court finds that the instant proceeding by its nature involves the forfeiture of a leasehold as the result of criminal activity, it falls squarely within the purview of CPLR 215 (4) and mandates that the proceeding to evict the tenant be commenced within one year after commission of the alleged illegal act.
CPLR 215 (4) provides that where an individual who has standing to enforce a penalty of forfeiture created by statute fails to do so within one year, it may be commenced within three *713 years after commission of the offense by the Attorney General or District Attorney of the county in which the offense was committed. In some regard, this provision mirrors the provision under RPAPL 715 (5), allowing the District Attorney to bring a summary proceeding. Under section 715 (5), notice must first be given to the landlord before the District Attorney can sue in its own behalf.
In the instant case, an arrest was made at the respondent’s apartment on August 13, 2002. In November of 2003, the District Attorney provided the petitioner with a notice demanding petitioner to commence a proceeding to evict the respondent. On or about November 1, 2004 the petitioner sent a notice of lease termination to the respondent informing her that her lease terminated as of August 13, 2002. This proceeding was commenced at the end of November of 2004, some 27 months after the arrest at her apartment.
No excuse has been offered by the respondent for the more than two-year delay in bringing this action. The petitioner offers no excuse for failing to commence the action within five days after notice was provided by the District Attorney’s Office. The petitioner argues that, if this court is to apply a statue of limitations under CPLR 215 (4), then the three-year period should apply, because this action has in actuality been commenced by the District Attorney. The court rejects this argument. Having failed to timely commence the action, even after being notified by the District Attorney’s Office (petitioner waited more than one year to commence the action), the petitioner cannot seek to revive its case by arguing that it stands in the shoes of the District Attorney’s Office. The statute contemplates a three-year period for the District Attorney to bring suit where the party empowered to sue fails to commence an action within one year. The petitioner is not entitled to the benefit of a three-year statutory period where the statute explicitly provides for an action to be commenced within one year.
The motion to dismiss the petition on the grounds that it is time-barred is granted. The court finds that a one-year statute of limitations applies to proceedings commenced under Real Property Law § 231 and RPAPL 711 and 715. The time in which to commence the proceeding runs from the date the alleged offense is committed. While it may be argued that the court’s ruling conveys an unfair benefit and reward to a tenant who allowed the premises to be used as an instrument in criminal *714 activity, the court believes that the forfeiture of a leasehold is no different than forfeiture of personal property contemplated under CPLR article 13. Procedural safeguards are put into place under that statute to insure that the due process rights of the individuals, both criminal and noncriminal alike, are protected. Why then shouldn’t a tenant have similar safeguards where a landlord is requesting the court to forfeit the tenant’s leasehold.
Once a tenant utilizes the premises for illegal purposes, the lease becomes void. However, simply because the lease is void does not mean that the landlord need not take steps to evict. The lease is voidable at the option of the landlord and the tenant can only be evicted if the landlord commences an action. The landlord has the choice to do nothing, and the District Attorney or an affected tenant then has the right to sue to evict. The landlord cannot simply sit back and wait until an undetermined time to commence a special proceeding. A tenant does have a right to finality. To allow a landlord six years or even three years to commence a proceeding to evict for illegal use is simply not reasonable. Because the petitioner failed to commence this proceeding within one year of the alleged offense, as set forth in CPLR 215 (4), the motion to dismiss the proceeding must be, and is, granted.
However, while the landlord may not have timely commenced this action, the District Attorney’s Office has three years from the commencement of the crime to bring a proceeding. Since the alleged offense occurred on August 13, 2002 the statute of limitations for the District Attorney to commence this action will not run until August of 2005.
Accordingly, the motion to dismiss the petition is granted.