East Midtown Plaza Housing Co., Petitioner-Landlord-Respondent, 
against
Sherman Gamble, Respondent-Tenant-Appellant, and Torri Gamble, Respondent-Undertenant-Appellant.



Tenant Sherman Gamble and undertenant Torri Gamble appeal from a final judgment of the Civil Court of the City of New York, New York County (Hannah Cohen, J.), entered July 24, 2017, which, upon an order granting landlord's motion for summary judgment and denying undertenant's cross motion for leave to amend her answer and for summary judgment, awarded landlord possession in a holdover summary proceeding.




Per Curiam.
Final judgment (Hannah Cohen, J.), entered July 24, 2017, affirmed, with $25 costs.
Landlord, a Mitchell-Lama cooperative corporation, established prima facie entitlement to summary judgment of possession in this holdover proceeding based upon illegal use of the apartment premises (see RPAPL 711[5] and Real Property Law § 231[1]). The record, including excerpts from the transcript of tenant's criminal trial, wherein he was convicted of promoting prostitution in the third degree (see Penal Law § 230.25[1]), among other crimes, conclusively established that the apartment premises were used for prostitution on an ongoing basis, that the tenant knew of and acquiesced in this illegal activity, and, indeed, received a portion of the proceeds from such activity (see Murphy v Relaxation Plus Commodore, 83 Misc 2d 838 [1975]; see also 855-79 LLC v Salas, 40 AD3d 553, 554 [2007]; Matter of 88-09 Realty v Hill, 305 AD2d 409, 410 [2003]). In opposition, appellants' bare, conclusory allegations denying that such illegal activities took place at the apartment were insufficient to raise any triable issue of fact.
Civil Court providently exercised its discretion in denying respondent-undertenant's motion for leave to amend her answer, since her proposed defenses lack merit (see 36 E. 57th St. LLC v Falic, 117 AD3d 434 [2014], lv dismissed 24 NY3d 938 [2014]). Even assuming respondent-undertenant had standing to assert a statute of limitations defense to the holdover petition (cf. Island Ventures v Cohen, 90 AD2d 514 [1982]; see also 54 Featherco v Correa, [*2]NYLJ, July 30, 1997, at 21, col 1, [App Term, 1st Dept 1997], affd 251 AD2d 23 [1988]), the relied upon one-year statute of limitations contained in CPLR 215(4) is inapplicable. CPLR 215(4) provides for a one-year statute of limitations for:
"an action to enforce a penalty or forfeiture created by statute and given wholly or partly to any person who will prosecute; if the action is not commenced within the year by a private person, it may be commenced on behalf of the state, within three years after the commission of the offense, by the attorney-general or the district attorney of the county where the offense was committed..."
"The words 'penalty or forfeiture' when used in a Statute of Limitations refer to something imposed in a punitive way for an infraction of a public law and do not include a liability created for the purpose of redressing a private injury, even though the wrongful act be a public wrong and punishable as such" (Sicolo v Prudential Sav. Bank of Brooklyn, NY, 5 NY2d 254, 258 [1959]; see Sperry v Crompton Corp., 8 NY3d 204, 213 [2007]). The eviction sought in this proceeding is not a penalty or forfeiture, since it is not "impressed for punishment" (Sicolo v Prudential Sav. Bank of Brooklyn, NY, 5 NY2d at 258). "Rather, tenant's eviction from the premises under the statute (RPAPL 711[5]) clearly was intended to protect the health, welfare and safety of the public residing in the same community as well as the tenants who reside in the same building ... and thus served a legitimate civil and remedial purpose" (City of New York v Wright, 162 Misc 2d 572, 573 [1994], affd 222 AD2d 374 [1995], appeal dismissed 87 NY2d 1054 [1996]).
Moreover, CPLR 215(4) is also inapplicable because it is a special limitation provision governing statutorily created penalties and forfeitures given to a common informer ("any person who will prosecute"). The informer has one year to commence an action for the penalty. If he does not do so, the State may bring the action, subject to an additional two-year limitation (see Weinstein, Korn Miller, 1-215 NY Civ Prac. CPLR ¶ 215.12 [2018]; 2A Carmody-Wait 2d § 13:190). The statute is applied in citizen-taxpayer actions to enforce public rights (see Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan, 65 NY2d 793 [1985] [citizen taxpayer action under the State Finance Law for the return of illegally expended state funds]; Clowes v Pulver, 258 AD2d 50 [1999], lv dismissed 94 NY2d 858 [1999] [citizen-taxpayer action under General Municipal Law to recover funds improperly paid for work performed on behalf of the County]), and is not properly applied to a summary proceeding commenced by landlord in its proprietary capacity. Lower court cases such as New York City Hous. Auth. v Pretto, 8 Misc 3d 708 (Civ Ct, Bronx County 2005), which hold that the CPLR 215(4) one-year statute of limitations applies in an illegal use eviction proceeding should not be followed.
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 01, 2018